NEVADA COUNTY v. NEWS PRINTING COMPANY.

## Opinion delivered December 2, 1918.

1.  COUNTIES — PRINTING CLAIMS — PUBLICITY ACT — DUTY OF LEVYING COURT.—Under the statute providing for making levies and appropriations for county expenses, Kirby's Digest, section 1494, sufficient funds should be levied and appropriated by the levying court, under Kirby's Digest, section 1499, subdivision 7, to pay printing claims allowed against the county, as required by act of 1915, p. 1511.

2.  COUNTIES—PUBLICITY ACT—DUTY OF COUNTY CLERK.—Under the publicity act, the county clerk has authority to contract for the publication of claims allowed against the county.

3.  COUNTIES — PRINTING OF CLAIMS ALLOWED AGAINST — APPROPRIATION.—It is necessary that the levying court make a proper appropriation before the county court may allow a claim for printing required by the publicity act.

4.  COUNTIES — PUBLICITY ACT — COUNTY CLERK MAY CONTRACT FOR PUBLICATION, WHEN.—The county clerk may contract for the publication of claims against the county, before an appropriation to pay for the printing is allowed.

5.  COUNTIES—EXPENSES—CONTRACT FOR PRINTING CLAIMS ALLOWED. —Kirby's Digest, section 1502, prohibiting making contracts until all appropriation is made, has no application to the publication required to be made under the publicity act.

Appeal from Nevada Circuit Court; *George R. Haynie,* Judge; reversed.

### STATEMENT OF FACTS.

This is an appeal from the judgment of the circuit court allowing the claim of the News Printing Company of Prescott against Nevada County, for printing done under what is known as the publicity act which was initiated by the people and declared adopted by the Governor on October 13, 1914. See Acts of 1915, p. 1511. Pursuant to the provisions of that act, the county clerk of Nevada County made a contract with the News Printing Company, a newspaper published in Nevada County, to print the claims allowed by the county court for the quarter beginning with its October, 1916, term and including the April, 1917, term. The record does not disclose that any appropriation was made for the payment of such

claim. The services were duly performed by the News Printing Company and it filed its claim, duly verified as required by law, for the sum of $84 in payment of its services under the contract. The county court disallowed the claim on the ground that no appropriation to pay such claim had been made by the quorum court. The News Printing Company appealed to the circuit court. In that court it was agreed that at the time the printing was done by the News Printing Company that the quorum court of Nevada County had not made an appropriation for the printing. and that no appropriation was available at that time or since for printing anything under the publicity act.

The circuit court rendered a judgment in favor of the News Printing Company and Nevada County has appealed.

*Tillman B. Parks,* for appellant.

No appropriation had been made by the quorum court to pay this claim. The allowance was without authority and void. Const., art. 16, § 12; Kirby's Digest, § 1502; 54 Ark. 645; 61 *Id.* 74; 85 *Id.* 609; 1 Dillon, Corp., § 463.

*H. B. McKenzie,* for appellee.

No special appropriation was necessary. The publication was authorized by law and the county made liable. The publicity act, § § 4, 7, 13; Kirby's Digest, sec. 1499; 68 Ark. 340; 63 *Id.* 397.

HART, J., (after stating the facts). Section 1494 of Kirby's Digest provides that the county judge with a majority of the justices of the peace shall constitute a court for levying and making appropriations for the expenses of the county. Such court is usually called the quorum or levying court. Section 1499 of Kirby's Digest, after providing that the court shall proceed to the making of appropriations for the expenses of the county for the current year, provides that said appropriations shall be made in the following order:

"1.   To defray the lawful expenses of the several courts of record of the county or district and the lawful expenses of criminal proceedings in magistrate's courts, stating the expenses of each of said courts separately.

"2.   To defray the expenses of keeping persons accused or convicted of crime in the county jail.

"3.   To defray the expenses of making assessment and tax books and collecting taxes on real and personal property.

"4.   To defray the lawful expense of public records of the county or district.

"5.   To defray the expense of keeping paupers of the county or district.

"6.   To defray the expense of building and repairing public roads and bridges and repairing and taking care of public property.

"7.   To defray such other expenses of county government as are allowed by the laws of this State.

"8.   After the appropriations shall have been made, the court shall then levy the county, municipal and school taxes for the current year."

The publicity act might have directed the quorum court to make a specific appropriation to be used in carrying out the provisions of the act, but it did not do so. It then becomes necessary to examine the paragraphs of section 1499 of Kirby's Digest above quoted to ascertain if the contract in question falls within any of those provisions. The purpose for which the appropriation is to be used is plainly designated in the first six paragraphs and it is evident that the contract in question is not covered by an appropriation for any of these purposes. The seventh section provides for an appropriation to defray such other expenses of county government as are allowed by the laws of this State. The language of paragraph seven is very broad and comprehensive, and includes any expense of county government at any time while the act is in force. This would include expenses of the county government made by acts subsequently passed as well as those which were so classed at the time of the passage of

the act.  The Legislature made it mandatory upon the county clerk to publish in a newspaper a list of all claims allowed against the county, etc.  This necessarily gave the county clerk the power to make a contract for such publication.  The amount so expended by him became an expense of the county government, and an appropriation made under paragraph seven of section 1499 was available to pay such claim.  The record in the present case does not show that any appropriation was made by the quorum court under paragraph seven of section 1499; but, on the contrary, the agreed statement of facts shows that no such appropriation was made.

Section 12, article 16, of our Constitution provides that no money shall be paid out of the treasury until the same shall have been appropriated by law and then only in accordance with said appropriation.

In *Dickinson* v. *Clibourn,* 125 Ark. 101, the court said that an appropriation denotes the setting apart or assigning to a particular use a certain sum of money for a specific purpose in such manner that public officials are authorized to draw and use the sum so set apart and no more, for the purpose specified and no other.  Under the principles of law announced in that case an appropriation was necessary before the court could allow the claim and issue a warrant therefor.

It is insisted by counsel for Nevada County that an appropriation was necessary before the county clerk could make the contract in question.  We do not agree with counsel in this contention.  The section of the Constitution in question places no limitation upon the power of the county court or the agents of the county in regard to making contracts.  The object of this provision of the Constitution was to prevent the payment of any funds until an appropriation was made therefor.  It places a limitation upon the authority of public officials in paying out public funds; but it did not undertake to place a limitation upon the power of the Legislature to declare what might be proper subjects of expenses of government.  Hence the Legislature had the authority to declare that

a contract like the one in question should be an expense of the county government.

Again, it is insisted by counsel for Nevada County that the allowance for the payment of the claim in question is void under section 1502 of Kirby's Digest. The section reads as follows: "No county court or agent of the county shall hereafter make any contract on behalf of the county unless an appropriation has been previously made therefor, and is wholly or in part unexpended."

We do not think that section has any application to this case. The section is a part of an act approved March 18, 1879, providing for the organization of a levying court and defining its power with regard to making appropriations for the expenses of the county government.

In the case of *Fones Hardware Co.* v. *Erb,* 54 Ark. 645, it was held that a contract for building a county bridge made without a previous appropriation therefor by the levying court was void. The reason given was that, by the express terms of the act, the concurring judgment of the levying court and of the county judge that a bridge should be built was necessary before a contract for building it could be made. As we have already seen, the levying court was created by the Legislature and the power given it was expressly conferred by the Legislature. Hence the Legislature has all the power it could give to the levying court. In the present case the Legislature itself, by an act passed for that purpose, commanded the county clerk, without the concurrence of the levying court, to make the contract in question. This made it an expense of county government, and all that remained for the levying court to do was to make an appropriation for the payment of it. The Legislature acted directly in the matter and thus exempted the publicity act from the provisions of section 1502 of Kirby's Digest. This follows from the principles of law laid down in *Durrett* v. *Buxton,* 63 Ark. 397, and *Hilliard* v. *Bunker,* 68 Ark. 340, where the court held that the special act authorizing the county court to make an order for the building of a court-

house or jail whenever it shall think it expedient to do so was not repealed by what is now section 1502 of Kirby's Digest, which requires an appropriation before a contract can be made by the county court or other agent of the county. It was there said that it was hardly reasonable to suppose that the Legislature would require the permission of the levying court to make a contract which it had already made the duty of the county court to enter into and perform. So in the present case it is not reasonable to think that the Legislature intended to require the concurrence of the levying court in making a contract which it made it the duty of the county clerk to enter into and perform under a heavy penalty.

It follows from the views we have expressed that the contract was a valid one but it was not subject to allowance by the county court because, so far as the record discloses, no appropriation had been made for its payment.

It follows that the judgment must be reversed, and the cause will be remanded for a new trial.