CLARK *v.* HAMBLETON.

5-2751                                          360 S. W. 2d 486

Opinion delivered October 1, 1962.

*Fletcher Long,* for appellant.

*Mann & McCulloch* By : *John Mann,* for appellee.

JIM JOHNSON, Associate Justice. This case involves the issuance of a writ of mandamus against a county clerk. In March, 1961, appellees as taxpayers filed a petition in Circuit Court for a writ of mandamus against appellants, the County Judge and County Clerk of St. Francis County, seeking to require these officials to publish all claims allowed against the county, under the provisions of Ark. Stat. § 15-204. Appellants answered, admitting that they had not published a list of warrants, contending that the Quorum Court of St. Francis County had refused to appropriate funds for the purpose of paying for the publication provided in the statute, and had, in effect, forbidden any expenditure for such services. It was stipulated that the Forrest City Daily Times-Herald offered to publish a list of allowed claims as prescribed by statute.

The trial court granted a writ of mandamus against the County Clerk and found that the petition as against the County Judge should be dismissed. Specifically, the writ of mandamus orders the County Clerk to cause to be published a list of claims allowed at the close of each regular or special term of the County Court held after January 1, 1962. From this order comes this appeal. The County Judge joined the County Clerk in the appeal.

For reversal appellants urge that: (1) the trial court abused its discretion in the granting of a writ of mandamus against the County Clerk; and (2) the Trevathan case sets forth in detail the proper approach for any remedy the appellees may have.

The Trevathan case referred to by appellants is *Jeffery, County Judge* v. *Trevathan,* 215 Ark. 311, 220 S. W. 2d 412. That case determined that mandamus will lie to require a quorum court to appropriate necessary funds for the payment of claims for printing the list of allowed claims. It discussed in detail the case of *Nevada County* v. *News Publishing Co.,* 139 Ark. 502, 206 S. W. 899, and reaffirmed its holding that a claim could not be allowed by a county court until an appropriation had been made by the quorum court. Under the facts in the case at bar, the question of whether the County Judge, the County Court, or the County Clerk and the Quorum Court can be, or should be ordered to pay for the cost of publishing the list of warrants (i.e., allowed claims) is not before us. The sole question presented by this appeal is whether the County Clerk, under the facts in this case, should be ordered to publish the list of claims allowed by the County Court.

Article XIX, § 12 of the Arkansas Constitution provides:

"An accurate and detailed statement of the receipts and expenditures of the public money, the several amounts paid, to whom and on what account, shall, from time to time, be published as may be prescribed by law."

The enabling legislation implementing this section of the Constitution was enacted by the people and is known as the Publicity Act of 1914 [Initiated Measure of Oct. 13, 1914, No. 2; Ark. Stats. §§ 15-201—15-212]. The act provided for publication of laws, reports and miscellaneous matters, including claims allowed against counties. Section 5 of that act reads as follows:

"15-204. Claims allowed against county—List to be published. Immediately after the close of each regular

and special term of the County Court, the clerk thereof shall cause to be published one [1] time, in one [1] paper published in such county; a list of all claims allowed against the county, and the road districts thereof, to whom allowed, and for what purpose, and the amount.''

Section 13 of the Publicity Act, the penal provision, is as follows:

"15-212. Penalty for failure to comply. Every person who shall fail to comply with the provisions of this act [§§ 15-201—15-212] shall be fined in any sum not exceeding one thousand dollars [$1,000.00].''

It is the contention of the appellees that the above statutes mean just what they purport to state and that these statutes impose a mandatory statutory official duty upon the County Clerk to publish immediately after the close of each regular and special term of the County Court a list of all claims allowed against the county. It is not reasonable to think that the Legislature intended to make publication of claims discretionary with the County Clerk when the statute clearly states that "the clerk *shall* . . ." and provides a heavy penalty for failure to perform this duty. Therefore, it is our view that the law requires the County Clerk to perform a plain and specific public duty, calling for the use of no discretion, nor the exercise of official judgment. This being true, we are bound by the settled rule as stated in the early case of *Willeford* v. *State,* 43 Ark. 62, as follows:

"Mandamus is an appropriate remedy where a public officer is called to perform a plain and specific public duty, positively required by law, calling for the use of no discretion, nor the exercise of official judgment."

Affirmed.

Ward, J., concurs.

PAUL WARD, Associate Justice, (Concurring). My only reason for concurring in this opinion is to attempt to dispel some of the confusion which apparently exists in the minds of many county clerks over the state as to

what their obligation is to publish a list of the claims which have been allowed against the county. The Legislature, as well as the majority opinion and other opinions of this Court, makes it mandatory upon the clerk "to publish in a newspaper a list of all claims ..." In instances where no appropriation has been made to pay for this publication the county clerk must make up his mind what to do. He has no newspaper himself, so how is he to follow the mandate to publish the list? It is my thought that it would be helpful for the county clerks to know that it is not their duty personally to publish the list, but they do have the power to make a contract for the publication of the list, and it is up to the publisher to collect his money.

In the *Nevada County* case (cited in the majority opinion) on page 505 of the Arkansas Reports the Court said:

"The Legislature made it mandatory upon the county clerk to publish in a newspaper a list of all claims allowed against the county, etc. This necessarily gave the county clerk the power to make a contract for such publication."

The clerk has the power to make such contract even though no appropriation has been made for that purpose, and it is therefore his duty to conscientiously attempt to do so. When he has done this, he has, in my opinion, discharged the duty imposed on him by statute and our decisions.