UNION COUNTY, Arkansas et al *v.* UNION
COUNTY ELECTION COMMISSION et al

81-137                                      623 S.W. 2d 827

Supreme Court of Arkansas
Opinion delivered November 16, 1981

*William A. McLean,* Chief Deputy Pros. Atty., Union County, for appellants and cross-appellees.

*James J. Calloway,* for appellees and cross-appellants.

ROBERT H. DUDLEY, Justice. The central issue in this appeal is whether a quorum court has authority to establish a ceiling on expenditures made by a county election commission. We hold the quorum court has such authority when exercised in a reasonable manner.

In 1968 voting machines were installed in Union County. The election commission asked Tom Calhoun and Tom Williams to maintain and program the machines. The manufacturer of the voting machines sent a representative to Union County to train Calhoun and Williams, as neither had any experience with voting machines. Calhoun, a heating and air-conditioning contractor with a high school diploma, testified that anyone with average intelligence could do the job and that most of his training came from practical experience. Calhoun and Williams have performed this work for the commission since the machines were installed. Their charges to the county escalated from a 1970 total of $4,900 to a 1978 total of $21,000. After the 1978 general election the quorum court studied comparable costs in other counties, corresponded with the manufacturer of the machine and concluded that Calhoun and Wilson were charging too much for their services. As a result, the quorum court requested that the commission advertise for bids on these services.

Before the 1980 county budget was adopted, the election commission requested $7,500 for this work and for a sum sufficient to pay each poll worker $25.00 in the upcoming November election. The quorum court appropriated an amount sufficient to pay $25.00 to each poll worker, but only appropriated $3,500 for preparation of the machines. The commission advertised for bids and two bids in reply were received. One was from Calhoun and Williams in the

amount of $7,500 and the other was from Powell and Goolsby in the amount of $2,888.05. The low bidders did not have experience but stated they would attend a manufacturer's course on maintenance and preparation of voting machines. Powell performs computer work for a bank and Goolsby is a high school math teacher. Their educational backgrounds are not in evidence, but all witnesses agreed that both are intelligent enough to perform the work.

The election commission, by a two-to-one vote, awarded the contract to the high bidders. After the general election, the commission filed claims with the county for $7,500 for machine preparation and for a sum sufficient to pay each poll worker $50.00. The county judge denied the claim to the extent it exceeded the appropriation previously made by the quorum court. On appeal, the circuit court ordered that the $7,500 be allowed and that each poll worker be allowed $25.00. The county appeals that part of the decision which exceeds the appropriation and the commission cross-appeals that part of the decision not allowing more than $25.00 per poll worker. We hold that neither claim may exceed the appropriated amount.

The quorum court must prepare a yearly budget for the purpose of allocating funds and the Constitution of Arkansas provides that no money can be paid out until it has been appropriated. Article 16, § 2. There is an exception to this general rule for that class of necessary obligations arising from county functions imposed by law. The quorum court and the county judge do not have discretion to decide whether these imposed functions are funded. *Mackey* v. *McDonald*, 255 Ark. 978, 504 S.W. 2d 726 (1974); *Nevada County* v. *News Printing Company*, 139 Ark. 502, 206 S.W. 899 (1918). Neither the quorum court nor the county judge has discretion to decide whether money shall be provided for the holding of elections. Ark. Stat. Ann. § 3-1207 (b) (Repl. 1976). In *Polk County* v. *Mena Star Company*, 175 Ark. 76, 298 S.W. 1002 (1927), we stated:

> *** The holding of elections, printing ballots, pollbooks, tally sheets and other election supplies; the feeding of prisoners confined in the county jail; the

holding of courts of record and fees of justices of the peace; the salaries and fees of county officers, including the prosecuting attorneys; the making of assessments and tax books, and collecting taxes, are all necessary county expenses imposed by law, over which the county court has no control or discretion, except possibly the amount to be allowed for the service rendered, as all compensation is either fixed by law, or is provided for.

The election commission first contends that it requested an appropriation of $7,500 which included $3,000 for the setting up and the laying out of ballot forms and $3,500 for the setting up and programming of the voting machines. It then argues that since the quorum court appropriated only $3,500 of that request there was a failure of the quorum court to act on the requested $3,000 appropriation for the preparation of ballot forms and consequently the quorum court denied any appropriation for "set up ballots and layouts for machines." Thus, it is argued, the quorum court failed to appropriate funds for a necessary expense imposed by law and therefore it fits within the exception and no appropriation is necessary. The evidence does not support such a contention. The quorum court heard the request for the two categories of expenses, consolidated them, and appropriated $3,500 for both.

The commission alternatively contends that Ark. Stat. Ann. § 17-3807 (c) (Repl. 1980) gives it the sole authority to determine the amount of money necessary to conduct an election. This statute provides a limitation on the legislative powers of the quorum court on "all laws requiring elections." The statute reserves to the General Assembly decisions regarding the holding of elections. For example, state law establishes a uniform time for all polling places to open and close, state law determines the number of poll workers to be located at each polling place in the state, and state law determines the date of the elections. Utter chaos would result if these general matters were varied from county to county. The General Assembly has delegated some local matters, for example local sales tax elections. Ark. Stat. Ann. § 17-2010 et seq. (Supp. 1981). However, it was not intended that the quorum courts be deprived of their fiscal authority over the

funding of elections. We find no statute which gives the election commission the discretion to decide how much money it can spend. The amount allowed for voting machine preparation is not fixed by state law and there is nothing in Amendment 55, the revision of county government amendment, and nothing in Ark. Stat. Ann. §§ 17-3101 through 17-4208 (Repl. 1980 and Supp. 1981), the County Government Code, to prohibit or to curtail the power of the quorum court from exercising its discretion on the amount to be allowed, so long as it is reasonable.

The trial court ruled that the commission action "was not without reasonable basis" in setting the amount at $7,500. That is an erroneous application of the law because such a standard means that an agency of county government which is obligated by law to perform a specified function has the discretion to determine the amount of money to be spent, rather than the quorum court. We hold that an agency of county government which performs a function imposed by law must live within its appropriation unless that appropriation is unreasonable. Appropriations made by the quorum court are presumed to be reasonable and the burden rests on the entity filing the claim in excess of an appropriation to prove unreasonableness.

Appeals from an executive action of the county judge to the circuit court are tried de novo. Ark. Stat. Ann. §§ 17-3906 (2) (Repl. 1980) and 27-2006 (Repl. 1979). When the circuit judge tries the appeal de novo and that decision in turn is appealed, the evidence in this court is to be viewed in the light most favorable to the appellee and the decision of the circuit judge is to be affirmed unless clearly erroneous. Ark. R. Civ. P. 52, Vol. 3A (Repl. 1979).

Using that standard, we conclude that the ruling below must be reversed. The appropriation is presumed to be reasonable and the appellees had the burden of proving unreasonableness. The evidence going to unreasonableness is that the low bidders had no experience, yet it is clear that they were intelligent enough to perform the work and that they would attend a short course to learn the job. On the other hand, the appellant county proved that the quorum

court compared costs with other counties and inquired of the manufacturer before making the appropriation. The quorum court noted that the previous contracts for these services had been entered without open bidding and bidding was requested. The commission then advertised for bids and one of the bids received was within the appropriation. The appropriation was not proved to be unreasonable. On direct appeal we reverse the decison of the trial court to the extent it exceeds the $3,500 appropriation.

On cross-appeal the commission contends that its decision to pay poll workers $50.00 per day, rather than the allocated $25.00, is a decision solely within the province of the commission and therefore the claim for the higher figure should be allowed. The circuit judge only allowed the appropriated $25.00 per worker and we affirm.

The General Assembly has set a minimum, or floor, on the amount to be paid poll workers and has given the quorum court the authority to raise the amount. Ark. Stat. Ann. § 3-720 (Repl. 1976) provides:

> The judges, clerks and sheriffs of the election shall receive a minimum of seven dollars and fifty cents ($7.50) for holding an election, or such greater amount as may be appropriated by the Quorum Court of the County. Provided, further, that each judge of the election carrying the returns from his precinct to the County Board of Election Commissioners' office (or County Committee's office) shall be allowed five cents (5 cents) per mile.

The commission contends that the above-quoted statute is inconsistent with Ark. Stat. Ann. § 3-506 (f) (Repl. 1976) which provides:

> The County Election Commissioners shall certify to the County Court the per diem of judges and clerks of election and sheriffs of election, and the mileage of the judge carrying the returns to the County Election Commissioner's office for allowance.

These statutes are not in conflict. The first provides that the quorum court shall set the amount and the second provides that the commission shall compute and then certify to the county court the amount necessary to pay each poll worker his or her set per diem, along with mileage in the case of a judge carrying the returns back to the commission. The amount set per day is not unreasonable. The commission's duty is to certify the amount necessary to pay each worker the set per diem.

Reversed on direct appeal.

Affirmed on cross-appeal.