The Honorable Billy Joe Purdom State Representative HCR 66, Box 34 Yellville, AR 72687
Dear Representative Purdom:
This is in response to your request for an opinion on the following questions:
 1. Is it lawful for the elected county judge of a county to spend County Road Department Funds for a purpose other than what is specified within the appropriation? For example: Can the County Judge purchase gravel with funds appropriated for the purchase of fuel without first obtaining Quorum Court approval?
 2. If this transaction is illegal, what action should be taken and by whom?
County funds must generally be expended in accordance with the applicable county appropriation. Const. Ark. Art. 16, 12; Mackey v. McDonald, 255 Ark. 978, 986, 504 S.W.2d 726 (1974); Nevada County v. News Printing Co., 139 Ark. 502, 206 S.W. 899 (1918). Specific provision is also made under the Arkansas Constitution for a taxpayer's action to enjoin the illegal exaction of county funds (Const. Ark. Art 16, 13); and the Arkansas Supreme Court has held that an illegal exaction action may be premised upon the misapplication of funds in a manner or for a purpose not authorized by law. Farrell v. Oliver. 147 Ark. 599, 226 S.W. 529
(1921); Mackey v. McDonald, supra, at 985. The court has also stated the following in this regard:
 It seems that, under this section of the Constitution (Art. 16 13), equitable remedies are accorded the taxpayer to prevent misapplication of funds when the taxpayer may be required to replenish those funds if exhausted through misapplication.
Mackey, supra, at 982, citing Eddy v. Schuman, 206 Ark. 849,177 S.W.2d 918 (1944).
The actions of the county judge in this instance must be considered in light of the foregoing. A misappropriation of funds would, ordinarily, be unlawful. However, this determination requires a thorough review of the specific appropriation(s) in question. If it is clear from a review of the appropriation that the funds have been misapplied, then it may be concluded that the county judge has acted improperly.
Arkansas Code of 1987 Annotated 26-79-105 must, however, also be considered in response to your first question. This provision addresses the appropriation of county road tax revenues and states in pertinent part that these moneys must be appropriated ". . . to the opening, construction, and repair of roads in the road districts in the county." A.C.A. 26-79-105(a). Similar language is found in Amendment 61 to the Constitution of Arkansas, which authorizes the levy of a county road tax by county quorum courts. Revenues derived from the road tax must, in accordance with Amendment 61, ". . . be used for the sole purpose of constructing and repairing roads and bridges within the county wherein levied." The specific appropriation in question should be considered in light of A.C.A. 26-79-105 and Amendment 61, if applicable, since county road taxes must have been appropriated to the purpose for which collected. Const. Ark. Art. 16, 11; see also Page v. Alexander,206 Ark. 479, 177 S.W.2d 415 (1943). If the purpose specified in the appropriation is not consistent with these provisions, a challenge premised upon the county judge's misappropriation of funds may fail.
In response to your second question, it must be initially noted that the quorum court has authority to establish penalties for violation of any ordinance. A.C.A. 14-14-906. Local ordinances must therefore be reviewed to determine whether a specified penalty attaches to violation of an appropriation ordinance. The prosecuting attorney would, it seems, have authority to enforce any such penalties in this regard.
As previously noted, Article 16, Section 13 of the Constitution of Arkansas affords taxpayers a means of challenging the misapplication of funds in a manner or for a purpose not authorized by law. The applicability of an "illegal exaction" action will turn on the particular facts and circumstances surrounding the use of the funds in question. If the funds have indeed been misapplied, a taxpayer's action may ensue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.