The Honorable Jim Bob Steel Prosecuting Attorney Ninth Judicial District P.O. Box 547 Nashville, Arkansas 71852
Dear Mr. Steel:
This is in response to Deputy Prosecuting Attorney Randell J. Wright's request for an opinion concerning the hiring of a secretary by the sheriff of Sevier County. Specifically, Mr. Wright notes that the newly elected sheriff approached the quorum court and requested funds for a secretary. The quorum court contended that the hiring of a secretary was not within the budget and adopted a budget with provisions for payment of salaries of the Sheriff and deputies only. In April of this year, a deputy left the sheriff's department, leaving an opening for a deputy. At that time the sheriff announced his intention to hire a secretary and to pay the secretary the monies allocated for the deputy position.
The question for resolution is whether the sheriff is authorized to hire a person in a secretarial position and pay this person from the monies allocated for a deputy.
It is my opinion that he is not.
Although the elected officials of the county have the authority to hire their employees, (see Arkansas Constitution, Amendment55, § 3), the number and salary of these employees must be set by the quorum court. See Amendment 55, § 4.
This office has previously opined that county funds must generally be expended in accordance with the applicable county appropriation. See, Opinion No. 88-169. See also, Arkansas Constitution, Art. 16, § 12; Mackey v. McDonald, 255 Ark. 978,504 S.W.2d 726 (1974), and Nevada County v. News Printing Co.,139 Ark. 502, 206 S.W. 899 (1918).
Additionally, both A.C.A. § 14-14-801(b)(6) and § 14-14-1206(a) provide that the quorum court has the authority to fix the number and compensation of county employees, including deputies. Moreover, A.C.A. § 14-14-1203(a) provides as follows:
 APPROPRIATION REQUIRED. All compensation, including salary, hourly compensation, expense allowances, and other remunerations, allowed to any county or township officer, or employee thereof, shall be made only on specific appropriation by the quorum court of the county. [Emphasis added.]
It is my opinion that the expenditure of funds appropriated to pay the salary of a deputy sheriff for the purpose of hiring a secretary, would not be in accordance with a specific appropriation of the quorum court, and thus would be contrary to law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb