Mr. Charles Robinson, Legislative Auditor Legislative Joint Auditing Committee State Capitol, Room 173 Little Rock, AR 72201
Dear Mr. Robinson:
This in response to your request for clarification of Opinion No.91-284, regarding a quorum court's authority to set up a separate checking account for the county sheriff's department, issued by this office on October 7, 1991. Your questions will be restated and answered in the order posed.
Your first question is:
 (1) Are the bank accounts specified at A.C.A. § 14-25-102 (1987) established for the purpose of receiving fees, fines, penalties and other moneys collected by a county officer, deputy, or county employee?
Arkansas Code Annotated Section 14-25-102 (1987) provides that all county officials who receive public funds by virtue of their office shall maintain those funds in depositories approved for such purposes by law. Further, A.C.A. § 14-25-103 (1987) provides:
 (a) All funds received by a county official by virtue of his official position shall be deposited intact to the accounts authorized in § 14-25-102. This section shall apply to all public funds coming into the hands of the official including, but not limited to, the following: fines, fees, taxes, trust funds, federal funds, etc.
It thus appears that these accounts are established for the deposit of all public funds coming into the possession of a county official by virtue of his or her office. Presumably, this would include public funds collected by a deputy or county employee on behalf of a county official.
Your second question is:
 (2) Must all public funds coming into the possession of county officials be remitted to the county treasurer and deposited in the county general fund?
The answer to this question appears to be "yes." Arkansas Code Annotated Section 14-14-1313 (1987) provides that "all public funds coming into the possession of any officer of the county shall be remitted to the county treasury in a manner prescribed by law." The manner prescribed by law is set out in A.C.A. §21-6-310 (1987), which provides:
 All fees, fines, penalties, and other moneys collected by any county officer, deputy, or county employee shall be deposited with the county treasurer on the first day of each month or within five (5) days thereafter, and, unless otherwise provided by law, shall be placed in the county general fund. The county treasurer shall keep a complete and accurate record of the receipt of such moneys and shall provide a written receipt to the person or office making such deposit.
Your third question is:
 (3) May county officials disburse funds out of the bank accounts authorized by A.C.A. § 14-25-102 (1987) for the operation of their offices?
Several statutes indicate that, at least for certain purposes, county officials should be able to disburse funds out of the bank accounts authorized by A.C.A. § 14-25-102 (1987). For example, A.C.A. § 21-6-310 (1987), requiring a county official to turn over all money collected by its office to the county treasurer by the fifth day of each month, indicates that a county official would be authorized to disburse that money from the account by way of a check to the county treasurer each month. Additionally, A.C.A. § 14-25-103 (1987) provides:
 public funds received by one county official and required by law to be transferred to another official shall be deposited into the account of the first official receiving the funds, and then a check shall be written upon that account to properly transfer the funds.
This provision would appear to authorize a county official to write a check on the account to transfer money to the proper official. Similarly, A.C.A. § 14-25-105 (1987) provides that county officials are permitted to establish, with the approval of the quorum court, a petty cash fund, which shall be established by the drawing of a check payable to "petty cash." Presumably, a county official would write this check and future checks to maintain the petty cash fund on the account set up in A.C.A. §14-25-102. Likewise, A.C.A. § 14-25-104 (1987) provides that checks disbursing county funds shall contain, among other things, the signature of the authorized disbursing officer of the county office. Finally, A.C.A. § 14-25-107 (1987) requires all county officials maintaining bank accounts as prescribed in § 14-25-102
to reconcile, on a monthly basis, their cash receipts and cash disbursements journal to the amount on deposit in the bank.
While the above provisions indicate that a county official is authorized to disburse funds from the § 14-25-102 bank account, at least for certain purposes, other provisions would appear to prevent an official from doing so, at least for the general operation of his or her office. The requirement that county officials turn over any money in the § 14-25-102 account to the county treasurer by the fifth day of each month indicates that there would generally be no money in the account to use for the general operation of the office. Similarly, the requirement of Amendment 55, § 3 to the Arkansas Constitution that the county judge authorize and approve all disbursement of appropriated county funds argues against the wholesale deposit of funds appropriated to a county official into a bank account for his or her unsupervised use. Further, Arkansas law governing the payment of claims against a county does not appear to authorize or contemplate a county official disbursing funds from the §14-25-102 account for the general operation of his or her office.See A.C.A. §§ 14-23-101 to 14-24-206 (1987).
Under the county claims process, vendors are required to submit claims for payment by the county directly to the county clerk, with the exception of claims for sundry supplies used in the administration of county offices. See A.C.A. § 14-23-203
(1987). The county clerk then submits the claim to the county judge for approval. See A.C.A. § 14-23-206(a) (1987). Prior to approving a claim for the payment of county funds, the county judge must determine that:
 (i) There is a sufficient appropriation available for the purpose and there is a sufficient unencumbered balance of funds on hand in the appropriate county fund to pay therefor;
 (ii) The expenditure is in compliance with the purposes for which the funds are appropriated;
 (iii) All state purchasing laws and other state laws or ordinances of the quorum court are complied with in the expenditure of the moneys;
 (iv) The goods or services for which expenditure is to be made have been rendered and the payment thereof has been incurred in a lawful manner and is owed by the county.
If the county court approves the claim, the county clerk shall issue a warrant or prepare a check on the claim, which is then submitted to the county treasurer for signature and payment.See A.C.A. §§ 14-24-101 and -204 (1987). If funds are available, the treasurer will sign the check. A.C.A. § 14-24-101.
Clearly, a county official would have to adhere to this legislative scheme in paying claims against the county, and the scheme does not appear to contemplate a county official disbursing funds directly from his bank account. Another indication that such general disbursement is not contemplated is A.C.A. § 14-25-112's provision for only two disbursement sections in the sheriff's cash disbursement journal, those being for payments to the county and payments to the city.
Because established rules of statutory construction dictate that seemingly contradictory provisions be reconciled to the extent practicable, to make them consistent, harmonious and sensible,see Ragland v. Allen Transformer Co., 293 Ark. 601,740 S.W.2d 133 (1987); Gilbert v. Gilbert Timber Co.,19 Ark. App. 93, 717 S.W.2d 220 (1986), the provisions set out above must be harmonized, if possible. Reading all the provisions together, it is my opinion that a county official may disburse funds from his or her § 14-25-102 bank account only when and for purposes specifically authorized by law, such as the turning over of the money in the account to the county treasurer each month, the transfer of money erroneously received by an official to the appropriate county official, and the establishment and maintenance of a petty cash fund. A.C.A. §§ 21-6-310 (1987),14-25-103 (1987), and 14-25-105 (1987).
Your fourth question is:
 (4) Must there be a quorum court appropriation before any public funds may be disbursed from the county treasury?
Article 16, Section 12 of the Arkansas Constitution provides that no money shall be paid out of the treasury until it shall have been appropriated by law and then only in accordance with the appropriation. This provision has been held applicable to counties. See Mackey v. McDonald, 255 Ark. 978,504 S.W.2d 726 (1974); Nevada County v. News Printing Co., 139 Ark. 502,206 S.W. 899 (1918). See also A.C.A. § 14-14-1102(b)(2)(C) (1987). The quorum court of a county is the body authorized by law to appropriate public funds for the expenses of the county.See A.C.A. § 14-14-801(b)(2) (1987). Thus, it appears that there must be a quorum court appropriation before any public funds may be disbursed from the county treasury.
Your fifth question is:
 (5) Can a disbursement of county treasury funds be made before the goods or services are rendered?
Disbursement of county treasury funds prior to rendition of the goods or services does not appear to be authorized. As previously noted, the county judge must authorize and approve all disbursement of appropriated funds from the county treasury, and A.C.A. § 14-14-1102(b)(2)(B) (1987) requires the county judge to determine, prior to approving a claim filed against the county, that "the goods or services for which expenditure is to be made have been rendered and the payment thereof has been incurred in a lawful manner and is owed by the county."
Your sixth question is:
 (6) Once the quorum court has appropriated money for the operation of a county office, must a disbursement be made according to the claims process?
The Arkansas Constitution requires the county judge to authorize and approve the disbursement of all appropriated county funds.See Ark. Const., Amend. 55, § 3. The claims process you refer to, which is set out in A.C.A. §§ 14-23-101 to 14-24-206 (1987) and discussed above in response to your third question, appears to be the only method provided by law for the county judge's approval of disbursements of appropriated county money. The law does not appear to contemplate either submission of claims to the county judge for approval outside this process provided by law, or payment of claims without the county judge's approval and authorization. See A.C.A. § 14-23-101 and -104 (1987). The only apparent exception to the claims process is for entities having a claim against the county for "sundry supplies" used in the administration of the county offices. See A.C.A. § 14-23-203(a) (1987). Otherwise, it appears that, as a general matter, once a quorum court has appropriated money for the operation of a county office, any disbursements must be made in accordance with the claims process.
Your seventh and final question is:
 (7) If a quorum court approves an appropriation for the operation of a county office, may the particular county officer file a claim for all or a portion of the appropriation, receive and deposit such moneys into a bank account, and subsequently expend the funds for various operations of the office.?
In my opinion, the provisions discussed above do not appear to authorize this procedure. As noted in response to your third question, the authority of county officials to make disbursements directly from their bank accounts established under A.C.A. §14-25-102 is limited. Other than those disbursements specifically authorized by law, it would appear that all disbursements of appropriated county money should be made in accordance with the county claims process described above, unless a particular transaction is otherwise lawfully exempted therefrom.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CCT/WB:ch