The Honorable Brent Haltom Prosecuting Attorney 8th Judicial District P.O. Box 8 218 E. 2d St. South Prescott, AR 71857
Dear Mr. Haltom:
This is in response to Deputy Prosecuting Attorney Danny P. Rodger's request for an opinion regarding the purchase of a vehicle by the Nevada County sheriff. The request indicates that the sheriff also serves as county tax collector. Your questions have been paraphrased as follows:
 May the sheriff/collector of Nevada County purchase a motor vehicle for his official use and pay either the entire price or a portion thereof out of county tax collector's commissions?
For the following reasons, it is my opinion that the answer to your question is "no." State law pertaining to county purchasing does not appear to authorize purchase of a vehicle in such a manner. The purchase must instead be accomplished through an appropriation of the county quorum court and approved by the county judge.
Arkansas Code Annotated § 21-6-305 (1987) states that "the collector of revenue shall be allowed commissions for collecting the revenue." See also A.C.A. § 14-25-111(c) (1987). Section21-6-310 requires that "all fees, fines, penalties, and other moneys collected by any . . . county employee shall be . . . placed in the county general fund."
The disbursement of county general funds must, in general, be preceded by an appropriation of the quorum court and be approved by the county judge. Article 7, section 28 of the Arkansas Constitution vests jurisdiction over all matters relating to the disbursement of money for county purposes in the county courts. Amendment 55, section 3 grants power to the county judge to approve disbursements of appropriated county funds. See alsoMears, Co. Judge v. Hall, 263 Ark. 827, 569 S.W.2d 91 (1978).
Arkansas Code provisions pertaining to county purchasing also provide that agents of counties shall make no contract on behalf of the county unless an appropriation has been previously made therefor (A.C.A. § 14-20-106 (1987)), and that no money shall be paid out of the treasury until the same shall have been appropriated by law and then only in accordance with such appropriation (A.C.A. § 14-14-1102(b)(2)(C)(i) (1987)). Section14-23-104 (1987) provides that no moneys appropriated by the quorum court from a tax levied or from any other source shall be paid out of the county treasury, except on an order duly made by the county court, while in session, and entered upon the records of its proceedings. See also A.C.A. § 14-14-1105(b)(5) (1987) (jurisdiction of the county court shall include county financial activities). Additionally, § 14-14-1102(b)(2) (1987) provides that, before approving vouchers for payment of county funds, the county judge must determine that there is a balance of funds in the pertinent appropriation, that the expenditure is in compliance with the purposes for which the funds are appropriated, that all state purchasing laws and other state laws or ordinances of the quorum court are complied with in the expenditure, and that the goods or services for which the expenditure is to be made have been rendered and the payment has been incurred in a lawful manner and is owed by the county. Accordingly, acquisitions must generally be preceded by an appropriation of the quorum court and approved by the county judge.
Some expenses of local government, however, do not require appropriations. These exceptions are only for that class of necessary obligations arising from county functions imposed by law. See Union County v. Union County Election Commission,274 Ark. 286, 623 S.W.2d 827 (1981). It is my opinion, however, that the provision of vehicles is not a necessary obligation of the county imposed by law. See A.C.A. § 14-14-802 (1987). The quorum court, accordingly, has the discretion whether to authorize and acquire vehicles, and therefore the exception to the general appropriation requirement is not applicable. This being the case, the purchase of a vehicle, in my opinion, requires an appropriation.
The issue of purchases by county officials also requires reference to the county purchasing law, which is codified at A.C.A. §§ 14-22-101 -115 (1987 Cum. Supp. 1991). It is unlawful for any county official to make purchases with county funds in excess of $5,000 unless the method of purchasing prescribed in these Code provisions, including formal bidding (A.C.A. §14-22-108) and approval by the county court (A.C.A. § 14-22-112), is followed. A.C.A. § 14-22-102(a). These provisions do not apply, however, to any purchases under $5,000, or to purchases of certain exempt commodities. A.C.A. § 14-22-102(b). The exempt commodities are set forth under A.C.A. § 14-22-106 (Cum. Supp. 1991) and include "used or secondhand motor vehicles . . . which have been under lease to a county" and "motor vehicles . . . offered for sale at public auction or through a process requiring sealed bids." A.C.A. § 14-22-106(11) and (15). The county court must issue its order of approval before a purchase that is governed by the purchasing law may be made, and before a claim can be paid or warrant issued. A.C.A. § 14-22-112.
In sum, it appears that collectors' commissions may not be used for the purchase of a vehicle. Instead, both an appropriation by the quorum court and approval by the county judge is required, and formal bidding may be required as well if the purchase is in excess of $5,000.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh