The Honorable Tom Kennedy Prosecuting Attorney Fifth Judicial District 107 West Main Russellville, AR 72801
Dear Mr. Kennedy:
This is in response to Deputy Prosecuting Attorney James V. Coutts' request for an opinion on the following questions regarding the Pope County Library and its administrative board established under Pope County Ordinance No. 84-046:
 1. Does the quorum court have the authority to set salaries for library employees?
 2. Does the quorum court have the authority to decide how library funds are to be expended?
It is my opinion that the answer to the first question is, generally, "yes," in accordance with A.C.A. § 14-14-801(b)(6) (1987). See also Venhaus v. Adams, 295 Ark. 606,752 S.W.2d 20 (1988) (holding that the authority to establish both the number and compensation of all county employees is clearly vested in the quorum court of each county pursuant to Amendment 55 to the Arkansas Constitution and A.C.A. § 14-14-801). As noted in Attorney General Opinion 90-319 (copy enclosed), however, a question might arise, depending upon the particular facts, concerning the reasonableness of the amount appropriated for salaries. The quorum court's power to set salaries and appropriate the library funds cannot impermissibly infringe upon the library board's administrative authority. Whether such an infringement has occurred in any given instance will, of course, require a factual determination. The court in Adams, supra,
citing its holding in Union County v. Union County ElectionCommission, 274 Ark. 286, 623 S.W.2d 827 (1981), stated that `"an agency of county government which performs a function imposed by law must live within its appropriation unless that appropriation is unreasonable. Appropriations made by the quorum court are presumed to be reasonable and the burden rests on the entity filing the claim in excess of an appropriation to prove unreasonableness."' 295 Ark. at 612, citing Union County,274 Ark. at 291.
In response to the second question, reference must again be made to A.C.A. § 14-14-801 (1987) which states, under subsection (b)(2), that the quorum court has the power to "[a]ppropriate public funds for the expenses of the county in a manner prescribed by ordinance. . . ." It was stated in Opinion 90-319
that the segregated tax proceeds which are in the custody of the county treasurer to be used for the maintenance of the county libraries must be appropriated.
The answer to the second question is, therefore, "yes," in the sense that the funds must be appropriated by the quorum court. As discussed in Opinion 90-319, however, the quorum court cannot administer a previously approved appropriation, nor can it use the appropriation itself to infringe upon the library board's administrative authority. The court in Chaffin v. Arkansas Gameand Fish Commission, 296 Ark. 431, 757 S.W.2d 950 (1988) noted, for instance, that line item appropriations become constitutionally impermissible when the administrative authority of a constitutional agency is infringed by legislative control over expenditures.
It is thus apparent that the second question cannot be answered with a simple "yes" or "no," but rather must be addressed in the context of a specific exercise of legislative authority by the quorum court. The foregoing will, however, in conjunction with the attached opinion, offer general guidance in considering the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure