The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, Arkansas 75504-2631
Dear Senator Dowd:
This is in response to your request for an opinion on whether an appropriation is required before the Arkansas Alcohol and Drug Abuse Coordinating Council may distribute moneys in the "Special State Assets Forfeiture Fund."
It is my opinion that the answer to your question is "yes."
You note that Act 1120 of 1999 amended A.C.A. § 5-64-505, the "assets forfeiture statute." The "Special State Assets Forfeiture Fund" was first created on the books of the Treasurer of State, Auditor of State and Chief Fiscal Officer in 1991 (see Acts 1991, No. 1135, § 10 codified at A.C.A. § 19-5-972) (Repl. 1998). It is the repository of certain moneys arising from property forfeited in connection with drug offenses. Specifically, any balance over two hundred and fifty thousand dollars occurring in a particular asset forfeiture and placed in the asset forfeiture fund of a prosecuting attorney is to be transferred to the State Treasury for deposit in the Special State Assets Forfeiture Fund.See former A.C.A. § 5-64-505(k)(2)(iv) and Acts 1999 No. 1120, Section 2, amending A.C.A. § 5-64-505(i)(1)(b)(iv). You note that current law subjects the fund to rules and regulations established by the Arkansas Drug Director. See A.C.A. § 5-64-505(1)(4). The new act, Act 1120 of 1999 (effective July 30, 1999), adds language to this provision giving the "Arkansas Alcohol and Drug Abuse Coordinating Council" the authority to "distribute" the funds in the "Special State Assets Forfeiture Fund." Acts 1999, No. 1120, Section 2, amending A.C.A. § 5-64-505(i)(3)(D). Seealso Acts 1999, No. 1120, § 6, amending A.C.A. § 19-5-972. The funds may only be distributed for law enforcement and prosecutorial purposes related to drug interdiction and eradication. Id. Notwithstanding this authority, no appropriation of moneys out of the "Special State Assets Forfeiture Fund" was made from the state treasury to the Alcohol and Drug Abuse Coordinating Council during the 1999 regular session of the General Assembly.
You state that "[i]t was the specific intent of this legislation to delegate the authority to appropriate moneys in this fund to the Arkansas Alcohol and Drug Abuse Coordinating Council for prosecutorial and law enforcement purposes throughout the state." "Obviously, the amount of moneys distributed from this fund by the Council will depend upon the amount of moneys deposited into the fund as a result of forfeitures." You have therefore posed the following question for my opinion:
 Does Arkansas law require an appropriation bill before any moneys may be distributed from the Special State Assets Forfeiture Fund, even though the General Assembly clearly delegated the authority for distributing this money to the Arkansas Alcohol and Drug Abuse Coordinating Council as moneys become available?
It is my opinion that the answer to this question is "yes."
The Arkansas Constitution requires most moneys in the state treasury to be appropriated before expenditure. Article 5, § 29 of the Constitution provides as follows:
 No money shall be drawn from the treasury except in pursuance of specific appropriation made by law, the purpose of which shall be distinctly stated in the bill, and the maximum amount which may be drawn shall be specified in dollars and cents; and no appropriations shall be for a longer period than two years.
In addition, art. 16, § 12 of the Constitution provides that:
 No money shall be paid out of the treasury until the same shall have been appropriated by law, and then only in accordance with said appropriation.
It has been stated that it is "well settled" that money in the state treasury must be disbursed by specific appropriation of not to exceed two years in duration. See McArthur v. Smallwood, 225 Ark. 328,281 S.W.2d 428 (1955). The "Special State Assets Forfeiture Fund" is a fund in the state treasury. See A.C.A. § 5-64-505(i)(1)(b)(4). There is no requirement that all public money be paid into the state treasury, but once placed in the treasury, it may not be removed except by legislative appropriation. See Gipson v. Ingram, 215 Ark. 812, 223 S.W.2d 595 (1949) ("[t]here is no language in our present Constitution which requires that all of the public money shall be paid into the state treasury." The "present Constitution requires only that money in the treasury shall not be removed except by legislative appropriation"). See also City ofPiggott v. Woodard, 261 Ark. 406, 549 S.W.2d 278 (1977) (art. 5, § 29 refers to funds in the state treasury and not to funds held elsewhere); and Holmes v. Cheney, 234 Ark. 503, 352 S.W.2d 943 (1962) (to the same effect). This requirement attaches even though the funds at issue are special funds that may only be allocated for a specific purpose. Moore v.Alexander, 85 Ark. 171, 107 S.W. 395 (1908). See also Dickinson, StateAuditor, v. Edmondson, 120 Ark. 80, 178 S.W. 930 (1915); and Jobe v.Caldwell, 93 Ark. 503, 125 S.W. 423 (1910). In such cases, an appropriation is not an "empty formality" as the legislature may choose to appropriate, or not to appropriate the funds. Moore, supra at 177-178.
There appears to be only one exception to this rule, and that is in the case of a continuing "constitutional appropriation" of funds.[1] See,e.g., Smith v. Page, 192 Ark. 342, 91 S.W.2d 281 (1936) (salaries of prosecuting attorneys require no appropriation because art. 19 § 11 constitutes a constitutional appropriation of these sums); andDickinson, State Auditor, v. Edmondson, supra (art. 5, § 29 does not apply to require appropriation of the common school fund which is covered by a separate constitutional provision (article 14)). There is, in my opinion, however, no constitutional provision that would obviate the necessity of an appropriation under the facts herein.
Under the Arkansas Constitution, the authority to appropriate funds in the state treasury may not be "delegated." The constitution requires an appropriation made "by law." Arkansas Constitution, art. 5, § 29 and art. 16, § 12. It is therefore my opinion that the answer to your question is "yes."
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] It has also been stated, however, with regard to counties, that an exception exists for that class of "necessary obligations imposed by law." See, e.g., Union County v. Union County Election Commission,274 Ark. 286, 623 S.W.2d 827 (1981).