The Honorable Larry Prater State Representative 8600 Prater Lane Rudy, AR 72952
Dear Representative Prater:
I am writing in response to your request for my opinion on the following questions, which were submitted by the Chairman of the Crawford County Library Board:
 1. Can a county quorum court committee first approve a budget to be sent to the full quorum court, then at a later time amend and revote on a county library board budget issue? Their previous approval of the original library board 2001 budget was not rescinded by that committee.
 2. Is it appropriate for this "committee amended" budget to be voted on by the full Quorum Court in a regular session and approved by the members without notifying the County Library Board or Library System Director of the change, or getting input and approval from the County Library Board? We were told (and understand) that at the regular session the full court votes on the acceptance of the budget committee's recommendation, but they don't feel anything is wrong with the court changing their County Library Board's approved budget to suit themselves.
 3. Can the County Quorum Court withhold funds from an organization provided for by a voted millage rate for the purpose for which they are voted on, i.e. salaries and operations, as long as the funds are used for that purpose? We have qualified the reason for each amount in question at the final regular meeting of the Quorum Court December 18, 2000, and the only argument is they don't like the amount the director and the staff are paid. (Our pay scale is in line with other libraries and systems in our area of Arkansas, as was shown to the Quorum Court. Also, there is more than enough money in the library fund to provide the 2001 budget that was submitted by the County Library Board.)
You report that the committee that provisionally approved the budget was a committee of the whole comprising the entire quorum court. The library system is reportedly funded by a county millage approved by the electorate pursuant to Ark. Const. amend. 38.
RESPONSE
With respect to your first question, in my opinion the full quorum court has the authority to amend a budget proposal submitted by a committee notwithstanding the fact that the committee has not "rescinded" its proposal. However, assuming the library fund contains adequate resources, the quorum court is obligated to appropriate a budget sufficient to support the operation and maintenance of the library system. With respect to your second question, absent a local ordinance requiring notice, I do not believe a quorum court is obligated to seek input from or provide notice to a county library board before reconsidering a budget proposal during a regular quorum court meeting. With respect to your third question, I do not believe the quorum court is obligated to appropriate the entire corpus of a library fund as the library board's annual budget. However, the quorum court must appropriate a portion of available funds sufficient to ensure the smooth operation of the library system. The quorum court has discretion to set the salaries of library-system employees, subject to the condition that these salary decisions cannot have the practical effect of encroaching on the library board's ability to carry out its administrative responsibilities.
Question 1: Can a county quorum court committee first approve a budget tobe sent to the full quorum court, then at a later time amend and revoteon a county library board budget issue? Their previous approval of theoriginal library board 2001 budget was not rescinded by that committee.
Section 14-14-801 of the Arkansas Code provides in pertinent part:
 (a) As provided by Arkansas Constitution, Amendment 55, Section 1, Part (a), a county government, acting through its county quorum court, may exercise local legislative authority not expressly prohibited by the Arkansas Constitution or by law for the affairs of the county.
(b) These powers include, but are not limited to, the power to:
* * *
 (2) Appropriate public funds for the expenses of the county in a manner prescribed by ordinance. . . .
Specifically with respect to county libraries, A.C.A. § 13-2-401 (Repl. 1999) provides in pertinent part:
 (a) The county quorum courts of the several counties shall have the power and authority to establish, maintain, and operate county public libraries or public library services or systems in the manner and with the functions prescribed in this subchapter, and counties may appropriate money for these purposes.
* * *
 (c)(1) Establishment of county libraries or library systems shall be evidenced by an ordinance of the county quorum court. . . .
 (2) Appropriations for the establishment and maintenance thereof shall be in the manner prescribed by law for expenditures by counties.
 (d)(1) In addition to county library boards created under this section, § 13-2-402, and § 13-2-404, a county quorum court may by ordinance establish a county library board to conduct the affairs of the county public library or its library services or system in accordance with the law for establishing other county advisory or administrative boards found at § 14-14-705.
In accordance with these statutes, one of my predecessors opined that the tax proceeds segregated in a library fund must be appropriated in whole or in part by the quorum court in order to create a library system's annual budget. Ark. Op. Att'y Gen. No. 90-319 (attached).[1]
The library board chairman's first question seems premised on the mistaken assumption that the 2001 library budget appropriation was irretrievably made by the committee of the whole with which she and the library director consulted in the initial meeting provisionally approving the library board's proposed budget. As the library board chairman herself acknowledges in her second question, final approval of the budget is not a matter that can be handled by committee, even if it be a committee of the whole. Rather, the approval must be granted by the full court in regular session. It follows that any "approval" obtained prior to this vote is not binding in any sense, but rather constitutes a mere suggestion that the full court may accept or reject. Moreover, nothing dictates that the committee rescinds its "approval" if the quorum court chooses to approve a variant budget.
In my opinion, the only restriction on the quorum court's discretion in appropriating money from the library fund is that the appropriations must adequately provide "for the support, operation, and maintenance of the public library or public library system located in the county." A.C.A. §13-2-404(a)(2). I am neither authorized nor equipped to determine whether the appropriation at issue is adequate under this standard. Any alleged insufficiency in the appropriation will need to be reviewed by a trier of fact.
Question 2: Is it appropriate for this "committee amended" budget to bevoted on by the full Quorum Court in a regular session and approved bythe members without notifying the County Library Board or Library SystemDirector of the change, or getting input and approval from the CountyLibrary Board? We were told (and understand) that at the regular sessionthe full court votes on the acceptance of the budget committee'srecommendation, but they don't feel anything is wrong with the courtchanging their County Library Board's approved budget to suitthemselves.
The issue of whether the quorum court was obligated to notify the library board or the library system director of the change approved in its regular session raises questions of both fact and law. It is conceivable that some notice provision was included in the ordinance initially creating the board. If so, the quorum court would be obliged either to observe or to repeal the provision. I am unaware if the ordinance contains any such provision. In addition, the quorum court must observe the provisions of the Arkansas Freedom of Information Act (the "FOIA") regarding notice of regular meetings: "The time and place of each regular meeting shall be furnished to anyone who requests the information." A.C.A. § 25-19-106(b)(1). Conspicuously absent in this statute is any provision requiring notice of the scheduled meeting's agenda. Consequently, unless a local ordinance dictates to the contrary, I do not believe the quorum court was required to inform the library board or the library system director of its intention to debate and perhaps alter the proposed budget. See Ark. Op. Att'y Gen. No. 98-033 ("It is my opinion that the board is not required by state law to inform members of the meeting's agenda.").
In my opinion, nothing in Arkansas statutory law dictates that the quorum court seek the "input and approval from the County Library Board" before determining the library board's budget. This is not to say that the quorum court has unfettered discretion in setting the budget. As noted above, the quorum court is obligated to appropriate from the library fund an amount sufficient to enable the library board to fulfill its mission. However, as the Supreme Court noted in Venhaus v. Adams, 295 Ark. 606,612, 752 S.W.2d 20 (1988): "`[A]n agency of county government which performs a function imposed by law must live within its appropriation unless that appropriation is unreasonable. Appropriations made by the quorum court are presumed to be reasonable and the burden rests on the entity filing the claim in excess of an appropriation to prove unreasonableness." (Quoting Union County v. Union County ElectionCommission, 274 Ark. 286, 291, 623 S.W.2d 827 (1981)). See also attached Ark. Op. Att'y Gen. Nos. 90-319 and 89-206 (discussing a quorum court's discretion over the budget of an executive agency).
Question 3: Can the County Quorum Court withhold funds from anorganization provided for by a voted millage rate for the purpose forwhich they are voted on, i.e. salaries and operations, as long as thefunds are used for that purpose? We have qualified the reason for eachamount in question at the final regular meeting of the Quorum CourtDecember 18, 2000, and the only argument is they don't like the amountthe director and the staff are paid. (Our pay scale is in line with otherlibraries and systems in our area of Arkansas, as was shown to the QuorumCourt. Also, there is more than enough money in the library fund toprovide the 2001 budget that was submitted by the County Library Board.)
As reflected in my response to Question 1, the quorum court is not obligated to appropriate the entire corpus of a library fund as the library system's annual budget. With respect to the issue of salaries, the quorum court is vested with the power to set the salaries of all county employees pursuant to Ark. Const. amend. 55 and A.C.A. §14-14-801(b)(6). Accordingly, my immediate predecessor concluded in the attached Ark. Op. Att'y Gen. No. 93-275 that the quorum court is generally empowered to set the salaries for library employees. However, this general conclusion is qualified by the following principle set forth by my predecessor in the attached Ark. Op, Att'y Gen. No. 90-319:
 Regarding the librarians' salaries, we cannot conclusively state that the Quorum Court has no authority. The Quorum Court's refusal to accept the salaries as submitted by the Library Board may, however, unconstitutionally infringe upon the Board's authority, depending upon the surrounding facts. If the discrepancy is attributable to differing operational needs of the libraries, it is my opinion that the decision would fall within the Board's administrative authority.
In accordance with this principle, any determination regarding the constitutionality of the Crawford County Quorum Court's salary decisions will need to be made by a finder of fact.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosures
[1] However, as my predecessor further pointed out, the power to administer the appropriation resides in the County Library Board, which has an exclusive executive authority that precludes the quorum court from imposing line-item appropriations that would amount to the setting of policy. Id. The Arkansas Supreme Court stressed this distinction inChaffin v. Arkansas Game and Fish Commission, 296 Ark. 431, 443,757 S.W.2d 950 (1988):
 "[T]he legislature may not attach conditions to a general appropriation bill which purport to reserve to the legislature powers of close supervision that are essentially executive in character."
(Quoting Anderson v. Lamm, 195 Colo. 437, 579 P.2d 620 (1978).)