The Honorable Jimmy "Red" Milligan State Representative P.O. Box 68 Yellville, AR 72687-0068
I am writing in response to your request for an opinion on the following question:
 Does Article Four (4) of the enclosed Marion County Budget Ordinance violate the Separation of Powers doctrine?
RESPONSE
The answer to this question is "no," in my opinion.
The provision in question, which is part of the appropriation ordinance that adopted the county budget for calendar year 2001 (hereinafter "Ordinance"),[1] is entitled "Transfers" and provides as follows:
 Any transfer of monies between the various Funds of the County or between the four major categories of expenditures — Personal, Supplies, Other Services and Charges, and Capitol Outlays or between line items expenditure codes — shall be made only with prior approval of the Marion County Quorum Court. Provided, however, all transfers budgeted for in the annual budget shall be exempt from the provisions of this section.
It is my opinion that this provision was properly enacted pursuant to the Quorum Court's authority over the appropriation function. Article 16, Section 12 of the Arkansas Constitution provides that "[n]o money shall be paid out of the treasury until the same shall have been appropriated by law, and then only in accordance with said appropriation." This requirement has been held applicable to counties. See Mackey v.McDonald, 255 Ark. 978, 504 S.W.2d 726 (1974); Nevada County v. NewsPrinting Co., 139 Ark. 502, 206 S.W. 899 (1918). See also A.C.A. §14-14-1102(b)(2)(C) (Repl. 1998). The quorum court of a county is the body authorized by law to appropriate public funds for the expenses of the county. See A.C.A. § 14-14-801(b)(2) (Repl. 1998). Accordingly, there must be a quorum court appropriation before any public funds may be disbursed from the county treasury.
An appropriation measure is defined in the County Code as follows:
 (a)(1) GENERALLY. An appropriation ordinance or amendment to an appropriation ordinance is defined as a measure by which the county quorum court designates a particular fund, or sets apart a specific portion of county revenue in the treasury, to be applied to some general object of expenditure or to some individual purchase or expense of the county.
A.C.A. 14-14-907 (Repl. 1998) (emphasis added).
In accordance with the language emphasized above, the Marion County Ordinance in question, through the adoption of the annual budget, designates funds and establishes expenditure categories and line item expenditure codes. Articles 2 and 3 of the Ordinance then restrict expenditures to the established categories or line items and to the specified funds; and Article 4, about which you have inquired, requires Quorum Court approval of any transfers between these "Funds" or general expenditure categories or line items. See Ordinance. In my opinion, these provisions are generally authorized pursuant to the Quorum Court's exclusive power to appropriate county funds. The appropriation is presumed to be reasonable and the burden rests on the challenging entity to prove unreasonableness. See generally Union County v. Union CountyElection Commission, 274 Ark. 286, 291, 623 S.W.2d 827 (1981). Although it has been recognized that line-item restrictions can in some instances impermissibly infringe upon the executive branch's administrative authority under the "separation of powers" doctrine,[2] I have no information suggesting that such an encroachment has occurred under the Ordinance in this instance. Additionally, while the separation of powers doctrine prevents the quorum court from administering an appropriation once made (see, e.g., Op. Att'y Gen. 91-398), I do not view Article 4 as in conflict with that principle. Rather, by requiring its approval of the transfers of monies, the Quorum Court has simply ensured that it retains its appropriation authority.
It is therefore my opinion that Article 4 of the Ordinance does not violate separation of powers.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] The County Code provides for the enactment of specific appropriations through the adoption of an annual budget. See A.C.A.14-14-907(a) (Repl. 1998).
[2] See generally Op. Att'y Gen. Nos. 2000-262 and 89-206. Under the classic division of governmental powers, the legislature makes the laws and appropriates public revenues, the executive administers the laws and expends the appropriations, and the judiciary interprets the laws.Federal Express Corp. v. Skelton, 265 Ark. 187, 578 S.W.2d 1 (1979).