William McCUEN, County Judge *v.*
Glenn JACKSON

78-268                           581 S.W. 2d 326

Opinion delivered May 29, 1979
(Division I)

*Walter G. Wright,* for appellant.

*Robert D. Ridgeway, P.A.,* for appellee.

GEORGE ROSE SMITH, Justice. The appellant is the county judge of Garland county. The appellee had been a county employee for some 17 years when he was discharged and almost immediately re-employed in another department, the county road department. A disagreement arose between the two men about Jackson's rate of pay as a county employee and about the length of vacation he was entitled to. After Jackson brought this action for a writ of mandamus the parties reached an agreement with respect to Jackson's vacation. This is an appeal from a judgment treating the complaint as one for a declaratory judgment and finding that Jackson is entitled to longevity pay of 10%. The appellant does not argue the merits of the case, but instead presents what we regard as essentially two procedural points.

First, it is contended that the trial court should not have treated an action for mandamus as one for a declaratory judgment. We have recognized that course as being proper. *Culp* v. *Scurlock,* 225 Ark. 749, 284 S.W. 2d 851 (1955). There we said that an action for a declaratory judgment is a remedy peculiarly appropriate to controversies between private citizens and public officials about the meaning of statutes. Here the dispute seems to be about the appellee's right to longevity pay under the provisions of a county ordinance which has not been abstracted and is not before us. In *Andres* v. *First Ark. Development Finance Corp.,* 230 Ark. 594, 324 S.W. 2d 97 (1959), we enumerated the four conditions which the courts generally hold must exist as prerequisites to declaratory relief:

> (1) There must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy; in other words, a legally protectable interest; and (4) the issue involved in the controversy must be ripe for judicial determination.

All four conditions appear to be present in the case at bar; so the complaint was properly treated as one for declaratory relief.

Second, the appellant argues that there is a defect of parties. He does not say who should be the defendant in the case, but apparently he means either the county or the quorum court.

We find no merit in this argument. Under Section 3 of Amendment 55 to the Constitution the county judge is given power to "hire county employees, except those persons employed by other elected officials of the county." The enabling statute for Amendment 55 contains this pertinent language:

(B) The General Assembly further determines that the executive powers of the County Judge as enumerated in Section 3 of Amendment 55 are to be performed by him in an executive capacity, and not by order of the county court.

In the exercise of the executive powers of the County Judge as hereinabove enumerated, the County Judge shall follow the procedures established below:

*     *     *     *     *

(5) Hire county employees except those persons employed by other elected officials of the county. The County Judge, as the chief executive officer of the county, shall be responsible for the employment of the necessary personnel or for the purchase of labor or services performed by individuals or firms employed by the county or an agency thereof, for salaries, wages, or other forms of compensation. [Ark. Stat. Ann. § 17-3901 (Repl. 1977).]

Thus the appellant, as an executive officer of the county, is vested with responsibility with respect to hiring county employees and with respect to salaries, wages, and other forms of compensation. The present dispute centers upon the appellee's proper compensation as a county employee. The

appellee's claim, as plaintiff, is being asserted, in the language of the *Andres* case, *supra,* "against one who has an interest in contesting it." The trial court's declaratory judgment has settled the controversy. In the circumstances we find no defect of parties.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HICKMAN, JJ.