The Honorable William R. Bullock Conway County Prosecuting Attorney 5th Atlantic P. O. Box 220 Morrilton, AR 72110
Dear Mr. Bullock:
We are writing in response to your March 2, 1987 request for our opinion concerning four questions about Conway County's Personnel Handbook and its effect on the County's elected officials' personnel powers. We have answered your questions in the order that you presented them.
Your first question was: "Does the County Personnel Handbook's procedures for hiring affect each elected official's right to hire employees?" From the "Welcome" following the title page in the Personnel Handbook, it appears that the Personnel Handbook was issued under the authority of the county judge. As a general matter, the county judge is the chief executive officer of the county. Amendment 55, 3; Ark. Stat. Ann. 17-3502(b) (Repl. 1980). As such, the county judge has the power to hire county employees, except those persons employed by other elected officials of the county. Amendment 55, 3. That power apparently includes the exclusive authority to establish personnel policies for the county judge's employees. Horton v. Taylor, 585 F.2d 224 (W.D.Ark. 1984). Accordingly, it is our opinion that the Conway County Personnel Handbook governs employees hired by the county judge. It would appear that the "other elected officials" noted in Amendment 55, 3 would be free to establish their own hiring procedures.
Your second question was: "Is there any law that requires advertising for employment and, also, what liability does the county incur for hiring employees without following the procedures set out in the handbook?" While we could find no Arkansas statute that requires advertising for potential county employees, there may exist county ordinances that do require advertising. Since we do not have ready access to Conway County ordinances, we can offer no opinion in that regard.
As to the potential liability that the county might incur by failing to follow the handbook procedures in hiring employees governed thereby, we see exposure in two principal areas. First, an action might be brought by a disappointed applicant in Arkansas civil courts to force the county judge to abide by his promulgated procedures. Second, the failure to follow the procedures could be used as evidence of discriminatory intent in a Title VII employment discrimination suit brought by a disappointed applicant who is a member of a recognized minority.
Your third question was: "Assuming there is no law requiring advertising for employment, can the quorum court restrict an elected official from hiring without following the specified procedure including advertising?" Although we could find no reported case addressing this question, from our review of Arkansas statutes, it appears that the quorum court cannot require an elected official to follow an employment procedure specified by the quorum court. The county judge and "other elected officials" are given authority over hiring their personnel by the Arkansas Constitution. Amendment 55, 3. That authority is recognized specifically by statute. Ark. Stat. Ann. 17-3901(A)(6); 17-3901(B)(5) (Repl. 1980). There appears to be a legislative intent to prohibit the quorum court from exercising such "executive powers." cf. Ark. Stat. Ann. 17-3901(B). ("The General Assembly further determines that the executive powers of the county judge as enumerated in 3 of Amendment 55 are to be performed by him in an executive capacity, and not by order of the county court.") Therefore, it is our opinion that the quorum court cannot establish personnel employment procedures for employees of the county judge or the "other elected officials" denoted in Amendment 55, 3. See, McCuen v. Jackson, 265 Ark. 819, 581 S.W.2d 326
(1979); Horton v. Taylor, 585 F. Supp. 224 (W.D.Ark. 1984).
Your last question concerned the County Personnel Committee which was established by the Conway County Personnel Handbook. You requested that we advise you what the scope of that Committee's duties would be as outlined under the Self Government Powers and Legislative Powers of County Government Act, Ark. Stat. Ann. 17-3801, et seq. It would appear that under the Self Government Powers found in Ark. Stat. Ann. 17-3801, et seq. the County Personnel Committee may exercise any legislative authority with regard to employee policy and practices of a general nature, including but not limited to, establishment of general vacation and sick leave policies, general office hour policies, general policies with reference to nepotism or general policies to be applicable in the hiring of county employees. Ark. Stat. Ann. 17-3805(b) (Repl. 1980). However, "Legislation promulgated by the several quorum courts dealing with matters of employee policy and practices shall be applicable only to employees of the several counties and shall not apply to the elected county officers of the several counties." Id. (Emphasis supplied.) The "employee policy practices" that may be enacted by the quorum court "shall be only of a general nature and shall be uniform in application to all employees of the county. The day to day administrative responsibility of each county office shall continue to rest within the discretion of the elected county officials." Id.
We hope that the foregoing will prove of material assistance to you. The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Frank J. Wills. If we can be of further assistance, please advise.