The Honorable Vic Snyder State Senator 324 South Valmar Little Rock, AR 72205
Dear Senator Snyder:
This is in response to your request for an opinion on the following question:
 Does the Pulaski County Judge have authority to hire, fire, and supervise full-time county employees whose job descriptions include assisting the County Election Commission? If so, does the County Judge retain this authority if an election has been called and these employees are working on this election?
It is my opinion that the answer to the first part of this question is "yes." The Arkansas Constitution and the Arkansas Code clearly vest the County Judge with the responsibility and the authority to hire, and the concomitant duty to fire county employees. See Horton v. Taylor, 585 F.Supp. 224 (W.D. Ark. 1984), remanded on other grounds, 767 F.2d 471 (8th Cir. 1985),citing McCuen, County Judge v. Jackson, 265 Ark. 819,581 S.W.2d 326 (1979). Amendment 55, § 3 to the Arkansas Constitution states that the County Judge shall, in addition to other powers and duties provided by law, ". . . hire county employees, except those persons employed by other elected officials of the county."[1] See also A.C.A. § 14-14-1102(b)(5). The term "county employee" is defined under A.C.A. § 14-14-1206(b) as "any individual or firm providing labor or service to a county for a salary, wages, or any other form of compensation."
Our review of the various Code sections pertaining to elections and county boards of election commissioners has not yielded any provision for the hiring of county election commission employees. Other than the provisions pertaining to election officers, such as judges and clerks, who are appointed by the election commission (see A.C.A. § 7-4-107), there is no statutory designation of election commission employee positions. I assume that the employees in questions are, as you state, "full-time county employees" who have been directed to assist the commission. This would appear to fall within the county's authority over local matters. Ark. Const. Amend. 55, § 1 (a). These employees are, in my opinion, clearly under the supervision of the County Judge.
With regard to the second part of your question, assuming that the employees are not, in fact, election officers who have been appointed as such by the County Board of Election Commissioners, it is my opinion that the answer is "yes." The fact that the employees are working on a particular election does not, in my opinion, alter their status as county employees who are subject to the County Judge's supervisory authority. We have found no authority for the proposition that they may be considered to be county election commission employees.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] The members of the of the County Board of Election Commissioners are not "elected officials of the county." The Board is composed, instead, of the chairmen of the county committee of the majority and minority parties, and a third member who is appointed by the State Board of Election Commissioners. A.C.A. § 7-4-102. The noted exception to the County Judge's power to hire county employees is therefore inapplicable in this instance.