The Honorable Brad W. Butler Prosecuting Attorney Nineteenth Judicial District 100 Northeast A Street Bentonville, AR 72712
Dear Mr. Butler:
This is in response to your request for an opinion on several questions concerning the procedure for grievance hearings in Benton County, Arkansas. You have attached with your request a copy of the pertinent provisions of Benton County Ordinance No. 0-94-120 (Jan. 1, 1995), which adopted the Benton County Employment Policy. You have specifically noted several provisions of the Ordinance, as well as Section 3 of Amendment 55
to the Arkansas Constitution, A.C.A. § 25-19-106 (Repl. 1992) (part of the Arkansas Freedom of Information Act, or "FOIA"), and A.C.A. §14-14-109 (1987) (part of the 1977 County Government Code). You state, additionally, with regard to the "County Grievance Committee" (see Ordinance at 23, 24 and 30), that:
 Benton County has taken the position that the Quorum Court sitting as a grievance committee sits publicly in a quasi-judicial capacity to hear evidence and argument on whether county employment policy has been violated in a termination of employment decision by the county judge. After hearing the evidence and argument, the grievance committee retires in private to deliberate and vote on issues raised by the aggrieved employee pursuant to the Ordinance. Once the grievance committee has made its decision, it reconvenes in public and announces the advisory decision. The vote is not announced.
Your specific questions regarding the above are as follows:
 1. Does Section 25-19-106 apply to the procedure outlined in the Ordinance?
2. If so, is the Ordinance in conflict with Section 25-19-106?
 3. Is the Ordinance in accord with or in conflict with Section 14-14-109?
 4. Can the Ordinance, the FOIA, Section 14-14-109 of the County Government Code, and Amendment 55, Section 3 of the Arkansas Constitution be reconciled?
 5. The Ordinance provides that the grievance committee for elected officials other than the county judge shall be the Quorum Court or its appointee and the decision of the committee is the decision of the county, not an advisory decision. Does this difference pose any conflict with the cited statutes or other law?
It must be initially noted in responding to these questions that this office is not in a position to construe or interpret the specific terms of a local ordinance. I lack the resources and the authority to undertake the necessary analysis in that regard. To the extent, therefore, that your questions require construction of Ordinance 0-94-120, I must decline to opine on such matters. This opinion should not be interpreted as addressing any issues involving local legislative intent.
 1. Does Section 25-19-106 apply to the procedure outlined in the Ordinance?
It is my opinion that the answer to this question is, generally, "yes."[1]
Section 25-19-106 is the so-called "open meetings" section of the FOIA. It applies to "all meetings, formal or informal, special or regular, of the governing bodies of all . . . counties. . . ." A.C.A. §25-19-106(a). It requires that "[e]xcept as otherwise specifically provided by law," all such meetings "shall be public meetings." Id. The FOIA itself expressly provides for executive, i.e., closed sessions with respect to certain personnel matters. A.C.A. § 25-19-106(c).
Thus, in response to your first question, a grievance hearing conducted under Ordinance 0-94-120 by the "County Grievance Committee" will generally fall within the open meetings provision of the FOIA (A.C.A. §25-19-106) if such committee is a "governing body."[2] The relevant language of the Ordinance in this regard is found at page 30, wherein it states:
 COUNTY GRIEVANCE COMMITTEE: A. The County Grievance Committee for employees hired by the county judge shall be the Quorum Court, but the decision of the Grievance Committee shall only be advisory to the county judge (Ark. Con., Am. 55, Section 3).
 B. The County Grievance Committee for employees not hired by the county judge shall be the county Quorum Court (or its appointee), and the decision of the Grievance Committee shall be the decision of the County (Ark. Con., Am. 55, Section 1).
I am somewhat uncertain whether your first question is intended to encompass proceedings by the Grievance Committee under both subsections A and B above. You have specifically referenced "the Quorum Court sitting as a grievance committee . . . in a termination of employment decision by the county judge." Letter from Brad W. Butler to Winston Bryant (March 12, 1997) at 2. You also state in your letter that "Benton County has taken the position that the Quorum Court sitting as a grievance committee sits in a quasi-judicial body, not as a `governing body' subject to Section 25-19-106." Id. Regardless, however, of the particular procedure in question, it is my opinion that Section 25-19-106 will as a general matter be applicable. Meetings of the Quorum Court, whether formal or informal or regular or special, "shall be public meetings." A.C.A. §25-19-106(a). This follows from the fact that the Quorum Court is a "governing body." Id. Even if Benton County is correct in its position that the Quorum Court sitting as a grievance committee sits as a "quasi-judicial body" (Letter at 2), the deliberations of quasi-judicial bodies must generally be open to the public. J. Watkins, The ArkansasFreedom of Information Act (2nd ed. 1994) at 254. See also Op. Att'y Gen. Nos. 84-091 and 79-144.
One alternative argument with respect to the Grievance Committee for employees hired by the county judge should perhaps be noted at this point. It might be contended that such committee is merely an advisory committee and thus not a "governing body" for purposes of Section25-19-106.[3] It is my opinion, however, that this argument must fail upon closer examination. First, committees that are composed of members of the governing body are generally subject to Section 25-19-106, even if they only have the power to make recommendations. The Arkansas Freedom ofInformation Act at 45, citing Arkansas Gazette Co. v. Pickens,258 Ark. 69, 522 S.W.2d 350 (1975). Second, even if Pickens, supra, can be distinguished here because the "parent body" (258 Ark. at 75), i.e., the Quorum Court, according to the Ordinance only makes an advisory decision with respect to employees hired by the county judge,[4] I am unaware of any authority for the proposition that a meeting of a governing body falls outside the FOIA if the meeting does not result in a final decision. Rather, to the contrary, the FOIA applies to "all meetings, formal or informal, . . . of the governing bodies. . . ." A.C.A. §25-19-106(a). As stated in The Arkansas Freedom of Information Act,supra at 232, "no official action need occur at a meeting to trigger the act." See also Op. Att'y Gen. Nos. 95-308 and 95-098. To conclude otherwise could potentially defeat the express purpose of the FOIA, i.e.,
 . . . that public business be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy.
A.C.A. § 25-19-102 (Repl. 1992).
Thus, when the Quorum Court meets, whether as a Grievance Committee under this Ordinance or as a legislative body, its activities must as a general matter be conducted in the open.
2. If so, is the Ordinance in conflict with Section 25-19-106?
As stated above, I cannot construe or interpret the Ordinance. The Ordinance states on its face that the County Grievance Committee hearing "shall be held in public if so required by the F.O.I.A." Ordinance at 24. This would appear to avoid any conflict or question under § 25-19-106
regarding the permissible scope or purpose of a closed hearing. A question may arise, however, concerning Section 25-19-106(c)(2), which will generally govern who can be present at an executive, i.e., closed hearing. Interpretation of the Ordinance may be necessary in order to discern legislative intent in this regard. See Ordinance at 24, paragraph F.4. ("PUBLICATION"). This is a matter to be resolved with the assistance of local counsel.
 3. Is the Ordinance in accord with or in conflict with Section 14-14-109?
Again, I cannot opine as to the intent under the Ordinance. It should perhaps be noted with regard to A.C.A. § 14-14-109 that provision is made thereunder for a county officer or employee to request a public meeting when a meeting or part of a meeting of a county governing body "involves or affects the employment, appointment, promotion, demotion, disciplining, dismissal, or resignation of a county government official or employee. . . ." A.C.A. § 14-14-109(a)(2) (1987). No similar provision appears in the FOIA. The Ordinance refers only to the FOIA, and not to Section 14-14-109. Thus, a question of intent may arise under Paragraph F.4. of the Ordinance as to whether it is intended to preclude an employee from requesting a public meeting under Section 14-14-109. If that was in fact the intent under Paragraph F.4., it is my opinion that this aspect of the Ordinance must fail. Section 14-14-109 will, in my opinion, govern in that regard.
 4. Can the Ordinance, the FOIA, Section 14-14-109 of the County Government Code, and Amendment 55, Section 3 of the Arkansas Constitution be reconciled?
 With regard, first, to Section 14-14-109 and the FOIA, it is my opinion that Section 14-14-109 will generally govern in connection with an employee's right to request a public meeting and as to the permissible scope or subject of a closed meeting. See A.C.A. § 14-14-109(a)(2). Under the FOIA, the decision whether to hold an executive session lies with the governing body. A.C.A. § 25-19-106(c)(1). There is no provision for an employee to request an open meeting. Regarding the scope of a personnel meeting, § 14-14-109 appears to be broader than the FOIA. See The Arkansas Freedom of Information Act, supra at 252-253. Section 14-14-109 permits a closed session when the meeting "involves or affects" an employment question, as compared to the FOIA's provision for executive sessions only for the purpose of "considering" the specified personnel matters. Section 14-14-109 will apply, in my opinion, as a specific statute governing the particular subject. See generally Williams v. Pulaski Co. Elec. Comm., 249 Ark. 309, 459 S.W.2d 52 (1970).
With regard to the Ordinance, it is my opinion as noted above that Section 14-14-109 will authorize an employee to request that a hearing involving or affecting his or her employment, etc. (see §14-14-109(a)(2)), be held in public notwithstanding the FOIA's provision for a closed hearing at the discretion of the Grievance Committee. The conflict between the FOIA and Section 14-14-109 with respect to the purpose for which a closed hearing can be held (see discussion above) may, however, be resolved by the Ordinance wherein it states that "the hearing shall be held in public if so required by the FOIA." Ordinance at 24. Both Section 14-14-109 and the FOIA are discretionary in terms of the governing body's decision to hold a closed meeting. The county thus presumably has the authority to determine how this discretion will be exercised.
With regard to Amendment 55, the Ordinance appears to recognize that the county judge has the authority to hire and fire county employees, except those employed by other elected county officials. See generally Hortonv. Taylor, 585 F. Supp. 224 (W.D. Ark. 1984), remanded on other grounds,767 F.2d 471 (8th Cir. 1985), citing McCuen v. Jackson, 265 Ark. 819,581 S.W.2d 326 (1979). If, in fact, the Grievance Committee's decisions are "only . . . advisory" to the county judge (Ordinance at p. 30), then it appears that the county judge retains his constitutional power in this regard. It is my opinion that the Ordinance is constitutional on its face.
 5. The Ordinance provides that the grievance committee for elected officials other than the county judge shall be the Quorum Court or its appointee and the decision of the committee is the decision of the county, not an advisory decision. Does this difference pose any conflict with the cited statutes or other law?
 In response to the first part of this question concerning the "cited statutes," I believe the above discussion/conclusions will apply as to any potential conflicts. This follows from the fact that the advisory versus non-advisory distinction will not, in my opinion, affect the analysis under either A.C.A. § 25-19-106 (FOIA) or § 14-14-109. As discussed above, it is my opinion that hearings held by the Quorum Court as the County Grievance Committee constitute meetings of a governing body. This also applies in the case of the Quorum Court's appointee, where decision-making authority has been delegated to the appointee. See generally The Arkansas Freedom of Information Act, supra at 44-45 (open meetings requirement goes along with the delegation of decision-making authority).
With regard to that part of your inquiry concerning any conflict with "other law," while I can offer no assurance that all conceivable challenges have been anticipated, it is my opinion that the Ordinance would withstand review under what is perhaps the most likely basis for a challenge, i.e., the separation of powers doctrine. As noted by the 8th Circuit Court of Appeals in Wilson v. Robinson, 668 F.2d 380, 383 (8th Cir. 1981), county quorum courts are empowered by state statute to regulate "employee policy and practices of a general nature, including, but not limited to, . . . general policies to be applicable in the hiring of county employees." A.C.A. § 14-14-805(2). The court in Wilson had no doubt that this grant of authority encompasses termination procedures.668 F.2d at 383 (citing the quorum court's further "legislative authority over `the affairs of the county' except where `expressly prohibited by the Constitution or by law.'" (A.C.A. § 14-14-801(a) (emphasis added.)) The court thus upheld a county ordinance requiring notice and grievance procedures in connection with employee terminations, both on its face and as applied to sheriff's deputies. 668 F.2d at 382-383.
Following the rationale in Wilson, therefore, it is my opinion that the advisory/non-advisory distinction does not pose a separation of powers conflict. The Ordinance and the legislation authorizing it (A.C.A. §14-14-805) are presumed valid and the burden is on the one asserting unconstitutionality to establish the invalidity. 668 F.2d at 383.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] As discussed below, consideration must also be given to A.C.A. §14-14-109, which governs "[a]ll meetings of a county government governing body, board, committee, or any other entity created by, or subordinate to, a county government. . . ."
[2] Whether a particular meeting/hearing must be held in public session will require a case-by-case determination.
[3] This would be premised upon the fact, according to the Ordinance, that the Committee's decision in that instance "shall be only advisory to the county judge (Ark. Con., Am. 55, Section 3)." Ordinance at 30.
Application of the FOIA to advisory committees is discussed in TheArkansas Freedom of Information Act, supra at 47-50.
[4] The court in Pickens was concerned that a governing body might use a committee system to make decisions and thereby avoid or circumvent the FOIA. Id.