The Honorable Jane English State Representative
35 Forest Glade Circle North Little Rock, Arkansas 72120-1546
Dear Representative English:
This is my opinion on your questions about the authority of a county board of election commissioners (CBEC) over an "election coordinator" hired by the county judge, and about the rights of the minority political party commissioner. Your questions, slightly paraphrased, are:
 1. Please define the relationship between a county board of election commissioners and a county judge-hired election coordinator with regards to day-to-day conducting of election commission business. Specifically, who directs the election coordinator's day-to-day duties and who supervises the election coordinator in the performance of those duties? Who schedules the work day and work load of the election coordinator and who approves invoices for payment based on the approved schedule for submission to the county judge for payment? Moreover, if the election coordinator is supervised by the county board of election commissioners while performing election-related duties, is the election coordinator's supervisor the board chairman, the board secretary, or the entire board when convened?
 2. Is the minority political party member of the county board of election commissioners entitled to be kept equally informed by the election coordinator as the majority political party member of the county board of election commissioners about discussions with the board chairman and issues of administrative, operational, and other decisions of significance (i.e., expenditure of funds appropriated for election commission use, *Page 2 
having the county judge hire additional workers to assist the election coordinator perform election-related duties, complaints, election official problems, polling site problems, voting equipment problems, election programming problems, and the like)?
RESPONSE
In my opinion, (1) the county judge is primarily responsible for supervising the election coordinator but may delegate that duty; and (2) the law protects a minority political party commissioner's rights to participate in CBEC business.
Question 1: Regarding the Relationship between a CBEC and anElection Coordinator Hired by the County Judge
As noted in your request, this office has issued several opinions that discuss election coordinators (or similar county employees however referred to).[1] Those opinions conclude, among other things, that the quorum court may establish, and appropriate county funds for, the position of county election coordinator (Op. Att'y Gen. 2007-222); that the quorum court is responsible for paying the election coordinator's salary (95-216); that the CBEC has no authority to create the position (2007-222); and that the county judge may hire, supervise, and fire the election coordinator (2007-222, 96-268, 93-176, 91-204).
"There are no provisions in Arkansas law granting a [CBEC] the authority to hire general staff or otherwise create positions to be filled." Op. Att'y Gen. 2007-222. "Amendment 55 vests the authority to hire county employees with the County Judge." Id. Employees like an election coordinator "are employees of the county, subject to hiring and firing by the county judge." Op. Att'y Gen. 96-268. "[T]here is no statutory provision for the [CBEC] to have authority over [CBEC] employees. Instead, the status of such staff members would be as county employees who are subject to the supervisory authority of the county judge." Op. Att'y Gen. 93-176. *Page 3 
 The Arkansas Constitution and the Arkansas Code clearly vest the County Judge with the responsibility and the authority to hire, and the concomitant duty to fire county employees. See Horton v. Taylor, 585 F. Supp. 224 (W.D. Ark. 1984), remanded on other grounds, 767 F.2d 471 (8th Cir. 1985), citing McCuen, County Judge v. Jackson, 265 Ark. 819, 581 S.W.2d 326 (1979). Amendment 55, § 3 to the Arkansas Constitution states that the County Judge shall, in addition to other powers and duties provided by law, ". . . hire county employees, except those persons employed by other elected officials of the county."
Op. Att'y Gen. 91-204.
I am not aware of anything that calls into question the earlier opinions' reasoning or conclusions, [2] which dictate my answer to your first question.[3] It is my opinion, accordingly, that the county judge, not the CBEC, has the sort of general supervisory authority over the election coordinator that is described in your first question.[4] *Page 4 
It should be noted, however, that nothing in this opinion, including without limitation note 3, is intended to suggest that a county judge may not delegate day-to-day supervisory authority over an election coordinator. Although the county judge is ultimately responsible for an election coordinator's hiring, supervision, and firing, and although I know of no express statutory authority for the delegation of hiring responsibility to a CBEC (see supra note 3), it is my view that a county judge may nevertheless delegate routine supervisory responsibility over an election coordinator. With some exceptions, a CBEC may act through an agent (see supra note 4), so a delegation to a CBEC of authority to supervise an election coordinator would be consistent with a CBEC's powers and purposes. And surely a county judge may delegate to an agent or agency of the county his or her authority to directly supervise county employees; otherwise every county employee would be required to report directly to the county judge.Cf. Beasley, State Comptroller v. Dailey,222 Ark. 339, 343, 260 S.W.2d 442 (1953) ("It is inconceivable that the [legislature], in approving [an act authorizing the state comptroller to determine winning competitive bids], expected an individual [i.e., the comptroller] who was already burdened with as many duties as anyone could possibly discharge, to personally supervise the [purchase of office furniture]"; consequently, the comptroller's delegation of tasks associated with the purchase to the agency that would use the furniture was valid). One should examine the terms of a particular delegation to determine the party to whom authority has been delegated. *Page 5 
Question 2: Regarding the Rights of the Minority Political PartyCommissioner
One commissioner of each CBEC is an officer of, or is selected by, the minority political party. See A.C.A. §§ 7-4-102(a) (Repl. 2007) (specifying CBEC membership), 7-1-101(18) (Supp. 2009) (defining "minority party"). The other two commissioners are officers of, or are selected by, the majority political party. See
A.C.A. §§ 7-4-102(a), 7-1-101(15) (defining "majority party").
Relevant law protects public rights and individual commissioner rights in ways that benefit the minority party commissioner as well as others, and the law protects minority party commissioner rights specifically in at least one instance:
Two commissioners are a CBEC quorum, each commissioner has one vote, and two votes "decide questions before them" unless another law provides otherwise. A.C.A. § 7-4-105(a) (Repl. 2007). The CBEC chair[5] must notify "all commissioners of all meetings." A.C.A. § 7-4-105(b). "Any meeting of two (2) or more commissioners when official business is conducted" must be public and held in compliance with the Freedom of Information Act. Id. The CBEC "shall keep minutes of all meetings when official business is conducted" and file the minutes with the county clerk. Id.
The State Board of Election Commissioners has elaborated on the public meetings requirement, saying that they "include drawing of ballot position, certification of ballots, selection or alteration of location or boundaries of precincts or polling sites, designation of poll workers, correction of errors or omissions of ballots, canvassing and certification of election results, canvassing and certification of a recount, and election day." ARKANSAS STATE BOARD OF ELECTION COMMISSIONERS, COUNTY BOARD OF ELECTION COMMISSIONERS PROCEDURES MANUAL 12 (2010); accord ARKANSAS STATE BOARD OF ELECTION COMMISSIONERS, RULES FOR REIMBURSEMENT OF EXPENSES FOR STATE-FUNDED ELECTIONS § 506(D) (revised 2009) (indicating that the foregoing list is not exclusive). *Page 6 
Other statutes require the unanimous vote of a CBEC quorum to employ election officials residing outside the precinct (see A.C.A. § 7-4-109(b) (Repl. 2007)); to designate polling sites (see A.C.A. § 7-5-101(a)(2)); or to designate additional early voting sites (see A.C.A. § 7-5-418(b)(1)(B) (Supp. 2009)).
Finally, the law provides that the minority party commissioner is entitled to designate election officials at each polling place.See A.C.A. § 7-4-107(b)(2).
In my opinion, these laws protect a minority political party commissioner's rights to participate in CBEC business.
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The opinions often assume that the election coordinator is not one of the election officials appointed by the CBEC under A.C.A. § 7-4-107 (Repl. 2007). See, e.g., Op. Att'y Gen. 2007-222, 95-216. I assume the same here.
[2] House Bill 1485 introduced in the regular 2009 session of the General Assembly would have formally established the position of election coordinator in each county and expressly given the CBEC the duty to supervise the coordinator. But the bill was not enacted.
[3] You refer to a statute that allows a county ordinance to delegate to "administrative boards[] or subordinate service districts" the authority to hire certain employees. A.C.A. § 14-14-1102(b)(5)(B)(ii)(a) (Supp. 2009). You imply that the statute would allow such a delegation to a CBEC. But because you do not state that a delegation ordinance has actually been enacted, I state no definitive opinion about the statute's applicability here. See Op. Att'y Gen. 97-065 (hiring authority not delegated absent enactment of delegation ordinance). I note, however, that a CBEC is neither an administrative board as described in A.C.A. §§ 14-14-705 to-707 (Repl. 1998) nor a subordinate service district as described in A.C.A. §§ 14-14-708 to-711 (Repl. 1998), and therefore that A.C.A. § 14-14-1102(b)(5)(B)(ii)(a) may not apply to CBECs.
[4] You ask about the relationship between the CBEC and the election coordinator "with regards to day-to day conducting of electioncommission business." (Emphasis added.) It seems appropriate, in light of your phrasing of the question, to clarify the parties' relationships specifically with reference to the CBEC's express statutory duties. While the CBEC is unquestionably an agency of the county (see Union County v. Union County Election Comm'n,274 Ark. 286, 623 S.W.2d 827 (1981)), state law imposes many election responsibilities expressly and specifically on the CBEC itself, not on the county in general. See, e.g., A.C.A. §§ 7-5-101(a)(1) (Supp. 2009) (CBEC to establish precincts and designate polling sites); 7-5-202(a) (Repl. 2007) (CBEC to give notice of election); 7-5-207 (Supp. 2009) (CBEC to formulate ballot);7-5-209 (Supp. 2009) (CBEC to correct ballot errors); 7-4-107 (CBEC to select and appoint election officials); 7-5-211 (Supp. 2009) (CBEC to designate ballot custodian, deliver election supplies, and provide security for delivered election materials); 7-5-301(k), (m) (Supp. 2009) (CBEC to have control, supervision, care, and custody of voting machines and electronic vote tabulating devices); 7-5-308(d) (Supp. 2009) (CBEC to determine validity of provisional ballots); and7-5-701(a) (Repl. 2007) (CBEC to certify election results). (The foregoing examples are merely illustrative, not an exhaustive list of the CBEC's express, specific duties under state election law.) If the quorum court establishes and funds a position, and the county judge hires an election coordinator and makes him or her available to assist the CBEC, then I see no objection to the CBEC's using the election coordinator as its agent to accomplish many CBEC responsibilities (although certain CBEC responsibilities appear to be non-delegable;see, e.g., A.C.A. § 7-5-707(e) (Supp. 2009) (each commissioner to execute and file a certificate of compliance); A.C.A. § 7-5-701(c)(1) (CBEC to file with Secretary of State abstracts of election results; it is my understanding that the Secretary of State requires at least two commissioners to execute abstracts)). But it is up to the CBEC itself, in my opinion, to determine the extent, if any, to which it will use the election coordinator's services offered, and the CBEC may decline to use the election coordinator's services in the accomplishment of any or all of its duties. It is my view, in other words, that the quorum court and county judge may not, merely by providing for and hiring a county employee known as an election coordinator, thereby transfer to themselves or to the election coordinator any of the CBEC's statutory election responsibilities or compel the CBEC to use the election coordinator to perform any of its duties.
[5] The commissioners may elect any member, including the minority party commissioner, as CBEC chair. See
A.C.A. § 7-4-105(a).
 *Page 1