The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
This is my opinion on your questions about county attorneys:
1. Under what conditions may the Quorum Court hire and fire a county attorney as stated in opinion 91-227?
2. May the Court establish a "Contract County Attorney" position and select the attorney whom will fill that position? And, to what extent may the court "select" that attorney?
3. May the Quorum Court require a contract attorney to provide all services outlined in ACA 16-21-114 and ACA 14-14-902 and exercise the authority to hire and fire the attorney?
4. What authority does the Quorum Court have over a contract attorney vs. the position or office of county attorney?
5. What are the differences in duties of an attorney hired pursuant to ACA 14-14-902 vs. ACA 16-21-114 and does the Court's authority change if the attorney is hired pursuant to one code vs. the other or pursuant to both codes in their entirety?
6. May the Quorum Court contract with an attorney absent an ordinance? If so, will that relieve the Prosecuting Attorney from all county responsibilities? *Page 2 
7. May the Quorum Court contract an attorney to provide more than one or all services listed:
 a. Represent "the County" (as a whole, different than offices/officials)
 b. Serve the Quorum Court
 c. Answer day to day questions from elected officials
 d. Represent County elected officials[?]
Your request cites two statutes that refer to county attorneys.
One statute, entitled "Quorum court administration," is in the County Government Code and provides in part:
 14-14-902. Quorum court administration.
 (a) SECRETARIAT. [Providing for a secretariat of the quorum court and specifying that person's duties.]
 (b) COUNSEL. (1) LEGAL COUNSEL. The prosecuting attorney or his deputy serving each county shall serve as legal counsel of the quorum court unless otherwise provided by county ordinance.
 (2) ALTERNATIVE DESIGNATION OF LEGAL COUNSEL. A quorum court may, by ordinance, provide for the appropriation of county funds for the employment of legal counsel to serve the court.
 (3) DUTIES OF LEGAL COUNSEL. The legal counsel of a quorum court shall:
 (A) Attend all regular and special meetings of the court;
 (B) Perform all duties prescribed in [the County Government Code]; and
 (C) Perform all other duties as may be required by a quorum court.
A.C.A. § 14-14-902 (Repl. 1998).
The other statute, entitled "County attorneys," is in the laws generally governing state courts, in a chapter about prosecuting attorneys, and provides in part:
 16-21-114. County attorneys.
 (a) A county civil attorney or county attorney may be selected pursuant to ordinance of the quorum court for each county in the state. *Page 3 
 (b) The county attorney shall commence and prosecute or defend all civil actions in which his county is concerned.
 (c) The county attorney shall give his opinion, without fee or reward, to any township or county official on any question of civil law concerning the county which is pending before the official.
 (d) All civil duties provided by the laws of the State of Arkansas or the ordinances of the several counties to be performed by the prosecuting attorney shall be performed by the county attorney in those counties which have established the office of civil attorney.
 (e) The office of county attorney shall be funded pursuant to ordinance of the quorum court of the county.
 (f)(1) In counties having a full-time office of county civil attorney or a contract county civil attorney, every municipality, school district, and other local taxing unit receiving ad valorem or other tax funds collected by county collectors shall reimburse the county for the taxing unit's pro rata share of the necessary legal costs incurred by the county in assessing property, collecting taxes, and receiving and disbursing revenues for the unit.
A.C.A. § 16-21-114 (Repl. 1999).
In this opinion, I sometimes refer to the former as the "quorum court administration statute" and the latter as the "county attorney statute."
RESPONSE Question 1 — Under what conditions may the Quorum Court hireand fire a county attorney as stated in opinion 91-227?
In my opinion, a quorum court may not hire or fire a county attorney.
Our constitution empowers the county judge, not the quorum court, to "hire county employees, except those persons employed by other elected officials of the county." Ark. Const. amend. 55, § 3. A statute interprets and elaborates on the constitutional grant, stating that it includes responsibility "for the employment of the necessary personnel or for the purchase of labor or services performed by *Page 4 
individuals or firms employed by the county or an agency thereof. . . ." A.C.A. § 14-14-1102(b)(5)(A) (Supp. 2009).
The constitution also empowers the county judge to "authorize and approve disbursement of appropriated county funds. . . ." Ark. Const. amend. 55, § 3. The statute quoted above characterizes this constitutional power as "authority to enter into necessary contracts or other agreements to obligate county funds and to approve expenditure of county funds appropriated therefor. . . ." A.C.A. § 14-14-1102(b)(2)(C)(ii).
This office has described the quoted statute as being "in all respects consistent with" the constitution and as "locat[ing] in the county judge the authority to employ county personnel . . . and to contract for services with independent contractors." Op. Att'y Gen. 2007-256.
In my view, the county judge's authority to hire and fire county employees is established beyond reasonable argument. See Horton v.Taylor, 585 F. Supp. 224 (W.D. Ark. 1984), rev'd on othergrounds, 767 F.2d 471 (8th Cir. 1985) (citing McCuen, CountyJudge v. Jackson, 265 Ark. 819, 581 S.W.2d 326 (1979)); seealso, e.g., Op. Att'y Gen. 2010-146.
With respect to non-employee contractors,
 the quorum court cannot designate specific professional services vendors to be awarded county contracts. . . . [T]he county judge has been granted the authority and responsibility for entering into contracts on behalf of the county, [so] it would constitute a violation of the principle of separation of powers for the quorum court to dictate . . . the specific parties with whom a county judge may enter into contracts on behalf of the county. . . .
Op. Att'y Gen. 2003-012.
In my opinion, then, a quorum court may not hire or fire a county attorney, whether the attorney is a county employee or a non-employee contractor. *Page 5 
Your request states your "belie[f] that the authority of the Quorum Court to contract for legal services is well established." It cites four opinions of this office claimed to support that belief.
I discuss each of the four opinions below but it is my view that none squarely addresses the quorum court's power to hire or fire a county attorney. Consequently, none substantially supports the proposition that a quorum court has any such authority.
The opinion cited in your question addresses who may hire or fire "a deputy prosecuting attorney acting in his capacity as a county attorney." Op. Att'y Gen. 91-227. But the opinion discusses, and distinguishes almost exclusively between, the prosecuting attorney on one hand and "the county" on the other, not between the quorum court and the county judge. In instances where the county — as opposed to the prosecuting attorney — has hiring and firing authority, the opinion simply does not discuss which county official or body has hiring and firing authority.
For example, the opinion concludes in part that, "if thecounty specifically hired the . . . deputy prosecuting attorney . . . pursuant to [the county attorney statute], . . . the countyquorum court could fire that person in his capacity as county attorney and hire another county attorney."Id. (emphases added). This language is the opinion's only reference to the quorum court having any firing authority. Even in the short passage quoted from, the opinion does not refer consistently to the quorum court. The inconsistency raises the distinct possibility that the opinion drafter intended to discuss only the county in general, not the quorum court in particular.
The opinion's other conclusion is stated as follows:
 [If the deputy has not been] specifically hired [by] the county [but] is merely performing those civil duties for the county that are imposed upon him by law [in his capacity as a deputy prosecuting attorney,] . . . it is my opinion that the county may not fire the deputy prosecuting attorney in his capacity as county attorney. . . . The county could, however, hire a separate county attorney pursuant to [the county attorney statute], which *Page 6 
would essentially remove any civil duties of the deputy prosecuting attorney.
Id. (emphases added; citations omitted). That this passage does not refer to the quorum court at all reinforces my view that the opinion is not about which county official or body has hiring authority, but instead about which of the prosecuting attorney, or the county viewed as a whole, has that authority in given circumstances.
In my view, opinion 91-227 accurately describes circumstances in which a county may hire or fire a deputy prosecuting attorney acting as a county attorney, but the opinion's reference to the quorum court having firing authority is not accurate. The opinion does not, accordingly, accurately state any conditions under which a quorum court may hire or fire a county attorney.
You cite an opinion in which a predecessor in this office noted the quorum court's express statutory authority to appropriate funds to engage counsel to serve the quorum court, and to pay for "private civil legal counsel for the county. . . ." Op. Att'y Gen. 98-023 (citing the quorum court administration statute and the county attorney statute, respectively). The opinion clearly supports the proposition that a quorum court may provide for county legal representation under contract. In my opinion, it does not in any significant or valid way support the proposition that the quorum court may select the attorney to be contracted with.
Another opinion was prepared in response to the question whether "the County [may] hire an attorney other than the Prosecutor to perform legal work on county projects." Op. Att'y Gen. 2001-107 (emphasis added). The relative hiring authority of the quorum court and the county judge was not at issue in that opinion. The opinion does, however, refer to the quorum court's "select[ing] private counsel" and use other similar language. Id.
In my view, the opinion's essential conclusion is that a county may engage private counsel by contract to represent it with respect to a single matter or project, notwithstanding that the prosecuting attorney would otherwise be responsible for the work. The conclusion is based on the quorum court administration statute, the county attorney statute, and the quorum court's "unfettered local legislative authority" under the constitution. Id.
(citing Ark. Const. amend. 55, § 1(a)). In my *Page 7 
opinion, the conclusion is correct: a county does have the authority described. The quorum court administration statute and the county attorney statute strongly support that conclusion, and the quorum court's legislative authority surely encompasses power to provide for the legal representation described.
But nothing in the quorum court administration statute or the county attorney statute indicates that the quorum court may select the attorney to be engaged under contract. And the constitutional grant of legislative authority actually suggests that the quorum court does not have hiring authority. The power to provide for services to be rendered to the county, and to appropriate money to pay for those services, is legislative, but the power to select the person to do the work is executive. See, e.g., Op. Att'y Gen. 2005-185, 2003-012. In my view, then, opinion 2001-107's fundamental conclusion is correct, but the opinion is in error to the extent it may be read to say that the quorum court has power to select the attorney.
Finally, you cite opinion 2001-311, which considers the constitutionality of county ordinances purporting to empower the quorum court to confirm the county judge's (or a personnel committee's) selection of a county attorney. The opinion concludes that the quorum court has no selection or confirmation authority with respect to a county employee, but that the quorum court does have some such power with respect to a contract attorney.
 [R]equiring Quorum Court approval or confirmation of the selection or appointment [of a county attorney] was, in my opinion, constitutional because [a] County Attorney [hired under a professional services contract] would not have been a county employee subject to the County Judge's exclusive hiring authority.
Op. Att'y Gen. 2001-311. The opinion goes on to say that "[t]he authority of the Quorum Court to contract for the legal services of a county attorney is, I believe, well established." Id. (citing Op. Att'y Gen. 2001-107 and 98-023, and the county attorney statute). The statement is true in the sense that a quorum court is empowered to determine that a contract is necessary and to appropriate funds to be paid under the contract. But as demonstrated above, the earlier opinions cited in opinion 2001-311 stand only for that proposition. They do not support an assertion that the quorum court may select the attorney to be retained. *Page 8 
In my view, opinion 2001-311 is inaccurate to the extent it concludes that the quorum court has any role in selecting the firm or individual to enter into a contract with the county for legal services, but is otherwise correct.
The foregoing demonstrates that the opinions you cite do not, in fact, validly support the proposition that the quorum court has any power to hire or fire a county attorney, whether the attorney is a county employee or a non-employee contractor.
Question 2 — May the Court establish a "ContractCounty Attorney" position and select the attorney whom will fillthat position? And, to what extent may the court "select"that attorney?
"A county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law." Ark. Const. amend. 55, § 1. This authority includes power to "[a]ppropriate public funds for the expenses of the county" and "[p]rovide for any service or performance of any function relating to county affairs. . . ." A.C.A. § 14-14-801(b)(2), (10) (Repl. 1998).
The quorum court administration statute provides that the prosecuting attorney or a deputy will serve as legal counsel of the quorum court "unless otherwise provided by county ordinance." A.C.A. § 14-14-902(b)(1). It obviously implies quorum court authority to provide, by ordinance, for counsel other than the prosecuting attorney or deputy. And the county attorney statute states that a county attorney is "selected pursuant to ordinance of the quorum court. . . ." A.C.A. § 16-21-114(a).
In my opinion, the law quoted above clearly empowers a quorum court to provide for the engagement of a county attorney under contract and to appropriate funds to pay the amounts specified in the contract. See also Op. Att'y Gen. 2001-311 and authorities cited therein. In my view, the authority to provide for a contractor, and for payments to the contractor, amounts to authority to "establish" the contractor's "position" with the county.
As discussed in my answer to your first question, it is my opinion that a quorum court may not hire an attorney under contract. *Page 9 
 Question 3 — May the Quorum Court require a contract attorneyto provide all services outlined in ACA16-21-114 and ACA 14-14-902 and exercise the authority to hire andfire the attorney?
The quorum court administration statute specifies the duties of legal counsel of a quorum court, which include "all other duties as may be required by a quorum court." A.C.A. § 14-14-902(b)(3).
The county attorney statute specifies a county attorney's duties, which include "[a]ll civil duties provided by . . . the ordinances of the several counties to be performed by the prosecuting attorney. . . ." A.C.A. § 16-21-114(d).
In my opinion, according to the plain meanings of the statutes' words, a quorum court may enact, under the county attorney statute, an ordinance that requires the county attorney to perform civil duties that include those of legal counsel of the quorum court.
As discussed in my answer to your first question, it is my opinion that a quorum court may not hire or fire an attorney under contract.
Question 4 — What authority does the Quorum Court have over acontract attorney vs. the position or office ofcounty attorney?
As discussed in my answer to your first question, it is my opinion that a quorum court has no authority to hire or fire a county attorney, whether the attorney is a county employee or a non-employee contractor.
As discussed in my answer to your second question, it is my opinion that a quorum court may provide for the engagement of a county attorney under contract and appropriate funds to pay the amounts specified in the contract.
"A county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law." Ark. Const. amend. 55, § 1. This authority includes power to "[a]ppropriate public funds for the expenses of the county" and "[f]ix the number and compensation of deputies and county employees. . . ." A.C.A. § 14-14-801(b)(2), (6). *Page 10 
The quorum court administration statute provides that the prosecuting attorney or a deputy will serve as legal counsel of the quorum court "unless otherwise provided by county ordinance" and empowers the quorum court to "provide for the appropriation of county funds for the employment of legal counsel to serve the court." A.C.A. § 14-14-902(b)(1), (2). This provision clearly implies quorum court authority to provide, by ordinance, for counsel other than the prosecuting attorney or deputy. And the county attorney statute states that a county attorney is "selected pursuant to ordinance of the quorum court" and that the county attorney's office "shall be funded pursuant to ordinance of the quorum court. . . ." A.C.A. § 16-21-114(a), (e).
In my opinion, the law quoted above clearly empowers a quorum court to provide for engagement of a county attorney as a county employee and to appropriate funds to pay the attorney's salary.
Question 5 — What are the differences in duties of an attorneyhired pursuant to ACA 14-14-902 vs. ACA 16-21-114 and does theCourt's authority change if the attorney is hired pursuant to onecode vs. the other or pursuant to both codes in their entirety?
The principal differences between the duties of a legal counsel of the quorum court under the quorum court administration statute, and a county attorney under the county attorney statute, are apparent on the statutes' faces. Each statute expressly lists the incumbent's duties. See A.C.A. § 14-14-902(b)(3); A.C.A. § 16-21-114(b), (c), (d).
Each list contains an open-ended provision. The quorum court administration statute includes "all other duties as may be required by a quorum court." A.C.A. § 14-14-902(b)(3)(C).[1] The county attorney statute includes "[a]ll civil duties provided by . . . the ordinances of the several counties [otherwise] to be performed by the prosecuting attorney. . . ." A.C.A. 16-21-114(d). Obviously, then, the duties of an attorney engaged under either statute may vary depending on the county's *Page 11 
ordinances. A more specific answer to the first part of your question is thus impossible in the abstract.
My answer to your fourth question addresses a quorum court's authority over an attorney described in either or both of the quorum court administration statute or the county attorney statute.
Question 6 — May the Quorum Court contract with an attorneyabsent an ordinance? If so, will that relieve theProsecuting Attorney from all county responsibilities?
As discussed above, a quorum court may not "contract with" a county attorney at all, if the phrase "contract with" is taken to mean "select." I will assume that you are asking instead whether a quorum court may provide for the engagement of a contract attorney without an ordinance.
The quorum court administration statute states that the prosecutor or deputy will serve as legal counsel of the quorum court "unless otherwise provided by county ordinance." A.C.A. 14-14-902(b). It is my opinion, then, that a quorum court may not provide for an attorney to act under contract as legal counsel of the quorum court except under an ordinance. Accord Op. Att'y Gen. 98-023.
The county attorney statute clearly contemplates an ordinance under which an attorney described therein is retained. See
A.C.A. § 16-21-114(a). In my opinion, then, a quorum court may not provide for the contract engagement of an attorney described in the county attorney statute except under an ordinance.
Question 7 — May the Quorum Court contract an attorney toprovide more than one or all services listed:
 a. Represent "the County" (as a whole, different than offices/officials)
 b. Serve the Quorum Court
 c. Answer day to day questions from elected officials
 d. Represent County elected officials[?]
As discussed above, a quorum court may not "contract with" a county attorney at all, if the phrase "contract with" is taken to mean "select." I will assume that you *Page 12 
are asking instead whether a quorum court may provide for the engagement of a contract attorney to provide the services listed.
The county attorney statute provides that "[t]he county attorney shall commence and prosecute or defend all civil actions in which his county is concerned." A.C.A. § 16-21-114(b). In my view, this language describes representation of the county, not any particular office or officer.
The quorum court administration statute expressly states that a quorum court may appropriate funds for "legal counsel to serve thecourt." A.C.A. § 14-14-902(b)(2) (emphasis added).
The county attorney statute provides that "[t]he county attorney shall give his opinion . . . to any township or county official on any question of civil law concerning the county which is pending before the official." A.C.A. § 16-21-114(c). In my view, this language describes answering day-to-day questions from elected officials as well as giving more formal opinions.
In my opinion, a quorum court may provide for a contract attorney to represent county elected officials acting in their official capacities. See Op. Att'y Gen. 2001-107, 98-023, 97-274, 94-067.
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A predecessor in this office, noting unclear legislative intent, questioned whether subsection (b)(3)(C) of the quorum court administration statute permits a quorum court to impose duties to be performed for parties other than the quorum court itself.See Op. Att'y Gen. 97-274.
 *Page 1